CLARENCE J. MARVIN's (dependent's) CASE.

Suffolk.   November 12, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Workmen's Compensation Act*, Amount of compensation.

In a proceeding under the workmen's compensation act, it appeared that the employee for several years before March, 1917, had been employed as the janitor of a building; that then he left that employment and went to work for a shipbuilding corporation; that his wife was employed in his stead to do a substantial part of the work which he previously had done as janitor and received stated weekly wages therefor; that for a time the employee, at the suggestion of his former employer, while still working for the shipbuilding corporation, occasionally assisted his wife, for which he received no compensation; that in April, 1917, he was engaged by his former employer to wax the floors of the building at regular intervals, for which he received $1 every two weeks, and that, in December, 1917, while so engaged, he received injuries which resulted fatally. *Held*, that his employment was not as janitor but solely for waxing floors, and that the compensation to be paid to his dependent should be computed on the basis that his average weekly wage was fifty cents.

APPEAL under the workmen's compensation act from a decision of the Industrial Accident Board awarding to the claimant, the widow of the employee, $9.33 per week for a period of weeks representing an entire payment of $4,000.

In the Superior Court the case was heard by *Jenney*, J.

Material findings of the single member of the board were in substance as follows: The employee on December 9, 1917, received an injury by reason of being burned by wax which he was heating on the gas stove for the purpose of polishing the floors of one Kincaide in the Alpha Building in Quincy, and died as the result of burns on December 22. "The evidence shows and I find that this employee preceding the injury had been in the employ of Kincaide as a janitor drawing $14 for a period of five and one-half years; that he then went to work for the Fore River Shipbuilding Corporation in Quincy where he was working at the time of his injury, and that this was his principal work; that after leaving his janitor work and having been out of his employ for a period of five or six weeks, he re-entered Kincaide's service for the limited service of waxing the floor for which he was paid twenty

cents an hour, or as it figured out $1 each two weeks; that is, he waxed the floor every other week and it took five hours.

"Counsel for the petitioner contends that there should be taken into consideration under these circumstances the amount earned by the deceased in his work for the Fore River Shipbuilding Corporation and offered to present evidence to establish this amount. This evidence I ruled out. . . .

"Nor do I feel that the measure of computation here is the actual amount of wages earned by the employee from Kincaide during the twelve months preceding the injury. Had the employment been continuous this perhaps would have been so. But there was a breaking of continuity. The deceased had been in the employ of Kincaide as a janitor, doing all the work of caring for the building in question. This employment had ceased and come to an end. Marvin had sought and obtained work elsewhere. An interval had elapsed and when Marvin again entered Kincaide's employment he did so on an entirely new basis and in a new sort of employment, and it is on this situation that his rate of compensation should be fixed. The length of the interval does not seem to me material: the principle would be the same whether the time was six weeks or eleven months and three weeks. It is the changed status, as I construe it, which has eliminated the figuring of the average weekly wage on a basis of 'the twelve calendar months immediately preceding the date of the injury.' . . .

"I therefore find that his average weekly wage was fifty cents. Under the provisions of the compensation act, Part I, § 6, the minimum amount to be paid is $4 per week. I therefore find that the insurer should pay to the petitioner the sum of $4 per week from the date of the injury and continue such payments in accordance with the provisions of the workmen's compensation act."

The findings of the Industrial Accident Board were as follows:

"At the time this case came on to be heard on review, it was agreed between counsel that, for the purpose of making a decision in this case, the average weekly wages of a janitor in Quincy, at the time the decedent suffered his injury, were fourteen dollars ($14); that the deceased had been employed as a janitor for one Kincaide, the subscriber, during the spring of 1917; and that it was a part of his duty as janitor for the said Kincaide to do floor waxing. . . .

"Decedent was an employee of the subscriber. His contract of hire was made by Kincaide, through the employee's wife; the arrangement was that the employee's wife was to do a large portion of the work in the building, and as to heavy work beyond her capacity, she was to get the employee to help her. While the only work for which Marvin received wages was that of floor waxing, for which he received the sum of one dollar each time the floor was waxed, decedent worked in the building nights, when his wife was too tired to perform further work and also collected rents and made out receipts. When any heavy work, or extra work, was to be done, the subscriber authorized her to ask her husband to help her. At different times, when so requested by the subscriber, he opened the transoms, moved chairs, and assisted in laying out the canvas. In so acting at the direction of Kincaide, Marvin was acting as the latter's employee, and as his janitor. He was an employee under Part V, § 2 of the act. The finding is made that Marvin, the employee, was engaged in the performance of the work of a janitor at the time of his injury and that the average weekly wages of a janitor in the Quincy district are $14. . . .

"Under this decision there is due the widow of the employee, Elizabeth V. Marvin, a weekly compensation of $9.33 for the period of weeks represented by a total payment of $4,000, subject to the provisions of the act."

A decree was entered in the Superior Court in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*E. I. Taylor,* for the insurer.

*P. L. Keenan,* for the claimant.

RUGG, C. J. The deceased, Clarence J. Marvin, had been employed as a janitor by one Kincaide for several years prior to March 3, 1917, when he left and went to work for the Fore River Shipbuilding Corporation, where he was employed continuously until his injury. Later, the wife of the deceased was engaged to do a substantial part of the janitor work previously performed by her husband. She received a stated weekly compensation therefor. Her husband, at the suggestion of Kincaide, occasionally assisted her or worked in her stead when she was tired, for which he received no compensation. In April, 1917, the deceased was

engaged by Kincaide regularly to wax the floor, for which he was paid $1 every two weeks. He received mortal injuries on December 9, 1917, in the course of and arising out of that employment.

These circumstances do not warrant a finding that the deceased was employed as janitor. His only employment by Kincaide was in waxing the floor at a specified price. The finding of the single member was right in this particular.

The case is governed by *King's Case, ante,* 137. According to the controlling principles there set forth, the ruling of the single member that the average weekly wage was fifty cents and that the weekly compensation should be $4 was correct. The decree is to be reversed and a new decree entered in conformity hereto.

*So ordered.*