No. 26,790.

MYRTLE M. WALTON, *Appellant,* v. THE ELECTRIC SERVICE COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT — *Amount of Compensation — Part Time to Two Employers, One Not Operating Under Act.* Where a workman is employed by a corporation operating under the workmen's compensation law, at the same time is employed by a municipal corporation not operating under the workmen's compensation law, gives a part of his time to each of his employers, and is injured while working for the employer operating under the workmen's compensation law, the wages received by the workman from the latter employer only should be taken as the basis for calculating the compensation that should be paid under the workmen's compensation law.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed July 10, 1926. Affirmed.

*Carl Van Riper,* of Dodge City, *Vergil E. Willis* and *O. M. Edmonson,* both of Kansas City, Mo., for the appellant.

*Arthur C. Scates, Albert W. Watkins,* both of Dodge City, *O. C. Mosman, Clay C. Rogers, Paul A. Buzard* and *Don E. Black,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover under the workmen's compensation law the balance claimed to be due to her for the death of her husband, Ai Walton. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The defendant was engaged in distributing electricity to a number of cities, including Bucklin, in the southwestern part of the state and employed Ai Walton at Bucklin. In the performance of his duties as an employee, he came in contact with a charged electric wire by which he was killed. The defendant admitted its liability to the plaintiff for $1,470, and discounted that sum as provided by law, and paid to the plaintiff $1,176 as compensation, the total amount which it claimed the plaintiff could recover. It was stipulated that the plaintiff might bring an action to recover the remainder of the compensation claimed by her.

The defendant paid Ai Walton $40 a month. Concurrent with his

Workmen's Compensation Acts, C. J. p. 91 n. 28.

employment by the defendant, he was employed by the city of Bucklin as a general utility man for which the city paid him $85 a month. The plaintiff claims that compensation is due her on the basis of wages at $125 a month under section 44-511 of the Revised Statutes, which section in part provides that—

"Where the workman had entered into concurrent contracts of service with two or more employers under which he worked at one time for one such employer and at another time for another such employer, his average annual earnings shall be computed as if his earnings under all such contracts were earnings in the employment of the employer for whom he was working at the time of the injury."

The defendant contends that the statute contemplates that both employments shall be under the workmen's compensation law. The city was not operating under that law. No American cases are cited by either party.

The whole of the workmen's compensation law concerns certain hazardous employments and regulates the compensation that shall be paid by those operating those employments to employees injured therein. The law has nothing to do with the relations of employer and employee in any other kind of enterprise. Section 44-511 should be considered with the remainder of the law; not separate and apart from it. Thus construed, the terms "employer" and "employees" as used in that section mean "employer" and "employees" operating under the provisions of the workmen's compensation law.

Compensation was paid to the plaintiff on the basis of $40 a month—wages paid to Ai Walton by the defendant. That was all that the law provided for.

The judgment is affirmed.