JUAN'S CASE.

Waldo.    Opinion July 28, 1926.

*"Concurrent employment" as used in the Workmen's Compensation Act defined.*

In the instant case the plain intendment of the statute governs.  Although the computation cannot be made under sub-clause (a), yet the earnings, where an employee is employed regularly during the ordinary working hours concurrently by two or more employers, upon the question of compensation shall be used in determining amount of compensation as though earned in the employment of the employer for whom the workman was working at the time of the accident.

This workman was regularly employed as caretaker, janitor and fireman.  He performed the full duties of his employment, every day, as caretaker and janitor, and though accident or chance called him into action as a fireman, his employment in the Fire Department cannot be found to be casual or accidental, the first requirement of a fireman being that he shall regularly respond to each alarm at his station.

In determining amount of weekly earnings, employment during the ordinary working hours is to be considered.  Not that it is daylight service only, as in farming or cutting lumber; for a man's only employment may be in the night, or he may work at the same machine, one week by daylight, and the next on the night shift.

On appeal.  Compensation of $16 per week was awarded to claimant as dependent widow of Walter H. Juan who lost his life by accident

while in the employ of Pejepscot Paper Company, one of several concurrent employers of the deceased, and from an affirming decree an appeal was taken seeking a modification of the decree. The question of "concurrent employment" was involved. Appeal dismissed. Decree below affirmed.

The case fully appears in the opinion.

*Buzzell & Thornton*, for claimant.

*Clement F. Robinson and Forrest E. Richardson*, for respondents.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, JJ.

BARNES, J.   By a former decision in this case, 124 Maine, 123, it is decided that the earning capacity of the injured workman is to be computed under sub-clause (c), Paragraph IX., Section 1 of our Workmen's Compensation Act, into which is read, by necessary implication, the provison of increase of compensation arising from concurrent employment by two or more employers, expressed in sub-clause (a) of the same Paragraph, if concurrent employment is proved.

The case is one where the workman, at the time of the accident, is serving more than one employer, his several employments being concurrent, at least one having been continuous for not less than the year preceding the accident, and one employment having continued for the period of sixteen weeks immediately prior to the accident.

In such a case the Act places upon the Industrial Accident Commission the duty of finding the artificial average of weekly earnings under the conditions prevailing in the employment of the workman, before and up to the time of the accident, the standard established by the Act.

The case is of novel impression in this court, and industry of counsel has failed to suggest a decision by another court in a like case.

The Chairman of the Industrial Accident Commission has held additional hearings, in compliance with the mandate in the former case, and transcript of evidence introduced at those hearings is before us, together with his award of $16 weekly as compensation for the period prescribed in Section 12 of the Act; the same has been decreed by a single Justice, and appellant now pleads for a modification of the decree under Section 34.

As in *Scott's Case*, 121 Maine, 446, "the single issue before this court is whether the Chairman of the Industrial Accident Commission

erred as matter of law in determining the compensation to be paid. This problem necessarily comprises two elements: First, the proper method to be adopted for computation, which is a question of law, and, second, the amount awarded under such adopted method, which is a question of fact." And further, if any essential fact be found in favor of the claimant without proper evidence, the decree can be attacked upon appeal. *Thibeault's Case*, 119 Maine, 336.

It may be assumed as proven that the workman, then husband of the petitioner, had been regularly employed for the full year preceding the accident as caretaker for the appellant, Pejepscot Paper Company, at the wage of $10 a week, as janitor for the Consumer's Fuel Company, at $1.50 a week, and as an active member of the Belfast Fire Department, at $2.58 a week.

The accident and death occurred on November 7, 1923. On the 13th day of July preceding, the workman entered the employ of Forgione & Romano, contractors engaged in the erection and construction of a high school building, in Belfast, the city where the workman was employed in the several positions listed above. He worked for the latter firm as common laborer, general utility man, carpenter's helper and mason tender for a period of nearly seventeen weeks, losing some time on account of rains, and occasionally an hour or so when his duty to appellant required his attendance at its wharf, up to the day of the accident which occurred at about 6:30 P. M., an hour well past quitting time for the day on the Forgione & Romano job, and it is contended that the workman's earnings, $31.50 per week, at this employment, should not have been considered by the commissioner when computing the average weekly earnings, as they manifestly were, for if the earnings in the employment furnished by Forgione & Romano are to be considered in computing the average weekly earnings of the workman, the decree is not to be disturbed.

For our decision of this question there is no guide but the plain intendment of the statute first herein referred to. Although the computation cannot be made under sub-clause (a), yet the earnings, where an employee is employed regularly during the ordinary working hours concurrently by two or more employers, upon the question of compensation shall be used in determining amount of compensation as though earned in the employment of the employer for whom the workman was working at the time of the accident.

This workman was regularly employed as caretaker, janitor and fireman.    He performed the full duties of his employment, every day, as caretaker and janitor, and though accident or chance called him into action as a fireman, his employment in the Fire Department cannot be found to be casual or accidental, the first requirement of a fireman being that he shall regularly respond to each alarm at his station.    *Mitchell's Case*, 121 Maine, 455; *Charles* v. *Harriman*, 121 Maine, 484.

In determining amount of weekly earnings, employment during the ordinary working hours is to be considered.    Not that it is daylight service only, as in farming or cutting lumber; for a man's only employment may be in the night, or he may work at the same machine, one week by daylight, and the next on the night shift.

Employment during the ordinary working hours is the employment considered, when earnings are a factor in determining compensation; because it is the normal wage that fixes earning capacity, rather than the combination of normal wage and bonus that makes up pay for extraordinary service, for over time and for Sunday work, not as argued by appellant that the accident must happen in the employ of the assured, at an hour when the workman should have been laboring for one of his other employers, for by definition in the statute concurrent employers are employers for one of whom the workman works at one time and for another at another time.

So much of sub-clause (a) carries over into (c), according to the provisions of which computation of amount of compensation is to be made.

It remains only to be considered whether the Chairman erred as a matter of law when he included employment by the Forgione & Romano Company with other concurrent employment, in determining the average weekly earnings.

One of the beneficent purposes of our Compensation Act is to secure to his dependents a portion of the return that his "earning capacity" would have procured for them from the industry in the service of which the workman lost his life.

It is true that the work of a mason's tender is only seasonal; in the latitude of Belfast, never, under ordinary circumstances, being continuous throughout the year, but the paragraph controlling the Commissioner when he made his finding as to the average weekly earnings prescribes as such earnings, "Such sum as, having regard to the

previous wages, earnings or salary of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or a neighboring locality shall reasonably represent the weekly earning capacity of the injured employee at the time of the accident in the employment in which he was working at the time."

Led by the decision after the former hearing in this case, and with the additional light obtained from facts elicited in accordance with the previous mandate of this court, the Commissioner found that the employment as mason's tender, in which this workman had been regularly employed for more than three months before the accident, was employment concurrent with that by him rendered to the appellant. Then, in compliance with the provision of the statute last above quoted, the Commissioner apparently found that of his earnings as mason's tender so great a sum was to be considered "average weekly earnings" as would bring the earnings from all concurrent employments above the sum of $24 per week.

Hence he awarded compensation in the amount of $16 weekly, and we cannot say this finding is contrary to law.

The mandate must therefore be,

*Appeal dismissed.*
*Decree below affirmed.*