Joan N. FREEMAN

v.

CO–HEN EGG COMPANY and Farm
Family Mutual Insurance Co.

Supreme Judicial Court of Maine.

Argued June 9, 1981.

Decided June 18, 1981.

McTeague, Higbee & Tucker, Ralph L.
Tucker (orally), Brunswick, for plaintiff.

Platz & Thompson, P.A., Philip Hargesheimer (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

CARTER, Justice.

Joan Freeman, widow of the employee, Carl Freeman, appeals from a pro forma decree affirming an award by the Workers' Compensation Commission of death benefits, arguing that the Commission erred in computing the employee's average weekly wage. The employer, Co-Hen Egg Company, filed a cross-appeal, arguing that the Commission erred in finding that the employee's death arose out of his employment.

We deny the employer's cross-appeal, sustain the widow's appeal, and remand the case for recomputation of the benefits awarded.

## I.

Carl Freeman was last seen alive around noontime on December 13, 1977, at which time he was spraying the inside of a hen house belonging to farmers under contract to Co-Hen Egg. Freeman was found dead between 2:15 and 2:30 p. m. inside the hen house. About 40% of the spraying had been completed; the spray equipment was still operating; the body was found near the border between the sprayed and unsprayed portions of the hen house. Death was the result of heart failure. Medical testimony indicated that if the employee's first symptoms appeared within a few minutes after the employee had been engaged in spraying, then, to a reasonable medical certainty, the exertion of spraying precipitated the heart failure.

■ "In any claim for compensation, where the employee has been killed, . . . there shall be a rebuttable presumption that the employee received a personal injury arising out of . . . his employment . . . ." 39 M.R.S.A. § 64–A (1978). Competent evidence supports the Commissioner's finding that the employee died as a result of an injury arising out of his employment. *See Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 518 (1980).

## II.

The parties stipulated that the employee's gross weekly salary for 52 weeks prior to his death was $235; that Co-Hen Egg, since 1974, had paid the employee annually a year-end bonus; and that Co-Hen Egg sent the widow a bonus check for $1,000 in December, 1977. The Commission obviously excluded the bonus in computing the employee's average weekly wage as it awarded death benefits based upon an average weekly wage of $235.

■ 39 M.R.S.A. § 2(2)(A) states in part that:

"Average weekly wages, earnings or salary" of an injured employee shall be taken as the amount which he was receiving at the time of the injury for the hours and days constituting a regular full working week in the employment or occupation in which he was engaged when injured . . . provided such employment or occupation had continued on the part of the employer for at least 200 full working days during the year immediately preceding said injury.

The Commission's Rule and Regulation 7(a) provides that:

In computing the average wage, vacation pay, bonuses, tips, etc., should be included in the total amount of earnings for the period employed, divided by the number of weeks of such employment, including vacation period, and not by the number of weeks of actual work.

We hold that a bonus paid to an employee, not for extraordinary services [1] but rather "for the hours and days constituting a regular full working week" in the employee's occupation, may be included in computing the employee's average weekly wage. Here, the employer had for several years paid the employee an annual year-end bonus. The record discloses no evidence indicating that these bonuses were paid in recognition of work done outside the hours and days constituting a regular full working week. The bonus represented a modest fraction of the employee's yearly salary.[2] Upon this record, the Commission erred by excluding the employee's bonus from its calculation of the employee's average weekly wage.

---

1. *Cf. Juan's Case*, 125 Me. 361, 364, 134 A. 161, 162 (1926) ("Employment during the ordinary working hours is the employment considered, when earnings are a factor in determining compensation; because it is the normal wage that fixes earning capacity, rather than the combination of normal wage and bonus that makes up pay for extraordinary service, for over time and for Sunday work, . . . .")

2. *Cf. Bolnick v. Industrial Commission*, 81 Ill.2d 22, 39 Ill.Dec. 792, 795, 405 N.E.2d 771, 774 (1980) (dicta).

The entry is:

Cross-appeal denied.

Judgment vacated.

Remanded to the Workers' Compensation Commission for recalculation of the employee's average weekly wage and the resulting death benefits payable.

It is ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.