MARTHA RICE'S CASE.

Suffolk.    November 13, 1917. — February 25, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Average weekly wages. *Words,* "Average weekly wages."

Where a girl sixteen years of age works at weaving in a mill as a "spare time worker," working all her spare time after school, which is three hours a day on each of five days of the week and all day on each Saturday, earning on the average $3 a week, if she is injured in the course of her employment and files a claim under the workmen's compensation act, she can be awarded compensation on

the basis of the "average weekly wages" earned by her during the time she actually was employed, that is, $3 a week, and is not to be deprived of compensation merely because her average weekly wages cannot be computed in any of the ways provided for in St. 1911, c. 751, Part V, § 2.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board in which they awarded compensation to Martha Rice, whose fingers were injured in the course of her employment, when, being sixteen years of age, she was a "spare time worker" in the Valley Woolen Mill at Cherry Valley, a village near Worcester.

The case was heard by *J. F. Brown*, J. The facts in regard to the only point in controversy are stated in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board, in which it was ordered and adjudged "that the employee is at present totally incapacitated for work because of the injury; that the average weekly wages of the claimant are $7.50; and that there is due her to June 8, 1917, a total compensa--tion of eighty-four and fourteen hundredths dollars ($84.14) and a weekly compensation of $5.00 during the continuance of her total incapacity." The insurer appealed.

The case was submitted on a brief by the insurer.

*E. C. Stone*, for the insurer.

No counsel appeared for the employee.

CROSBY, J. This is an appeal from a decree of the Superior Court affirming a finding of the Industrial Accident Board. The only question involved in the appeal is whether there was any evidence to warrant the finding of the board that the average weekly wages of the employee were $7.50.

The employee, a girl sixteen years old, is found by the Industrial Accident Board to have been "a spare time worker; that is to say she worked in her spare time, after school, three hours five days and all day Saturday of each week, and earned approximately $3 a week." The board also finds that a person working as a weaver, full time, all day six days a week, would average $7.50 each week. The employee testified that she went to work in the employer's mill in vacation time of the summer of 1916 and learned to weave. She returned to school in the autumn; but at the end of the session each day she went into the mill and worked as a

spare weaver, averaging about three hours a day. She also worked on Saturdays in the mill. Her weekly pay while working as a spare weaver was from $1.50 to $3.50.

She was injured on December 7, 1916. It is apparent that the board in determining the amount of the average weekly wages did not act under St. 1915, c. 236.

There was no evidence to warrant the finding that the average weekly wages of the employee were $7.50. The undisputed evidence shows that she began work during the summer of 1916 and returned to school in the autumn, and that, each day at the end of the school session, she worked as a "spare weaver" or "spare time worker" for approximately three hours, and also worked on Saturdays. On these facts there is no basis for ascertaining "average weekly wages" as defined in St. 1911, c. 751, Part V, § 2.

It is plain that average weekly wages cannot be determined from earnings "during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two." Nor can the finding that "All time except these working hours was 'lost' time within the meaning of the statute," be sustained. The facts in this case are clearly distinguishable from *Bartoni's Case*, 225 Mass. 349. Nor can average weekly wages be ascertained under that clause of Part V, § 2, which provides that, "Where, by reason of the shortness of the time during which the employee has been in the employment of his employer, or the nature or terms of the employment, it is impracticable to compute the average weekly wages, as above defined, regard may be had to the average weekly amount which, during the twelve months previous to the injury, was being earned by a person in the same grade employed at the same work by the same employer; or, if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district." There is no evidence to show what average weekly amount, during the twelve months previous to the injury, "was being earned by a person in the same grade employed at the same work by the same employer;" and there is no evidence of the average weekly wages earned by a person "in the same grade employed in the same class of employment and in the same district." *Gorski's Case*, 227 Mass. 456, 461. The Industrial Accident Board on review, found that a person working full time as a weaver would

earn an average weekly wage of $7.50; it also found that the employee was able to earn an average weekly wage of $7.50.

The finding of the board that the average weekly wages of the employee were $7.50 cannot be sustained, as the amount of compensation to be awarded under Part V, § 2 is to be determined, not by what the employee is capable of earning, but by what was actually earned. Nor could the compensation to be awarded the employee be determined upon the average weekly wages of a weaver; there was no evidence to show that she was a weaver; it appears that she was a "spare weaver" or "spare time worker," and there is nothing to indicate what the average weekly wages of such a person, so employed, would amount to. For this reason the case is to be distinguished from *Gove's Case*, 223 Mass. 187, 195.

If there is such an employment as that of "spare weaver" similar in hours of service, kind of work and requirement of skill to that of the employee during her term of employment, then that may be used as a basis of determining the compensation to be awarded according to the express terms of the statute. Part V, § 2. If there is no such kind of employment recognized in textile manufacturing, it does not follow that the employee shall go without remuneration, but that the "average weekly wages" actually earned by her during the time she was actually employed shall be the basis of compensation. "Average weekly wages" in such a case is not confined to the definition set forth in Part V, § 2. That definition governs all cases within its terms, but the general scope of the act indicates that the employee is not remediless because he does not come within any clause of that definition, provided he is an employee and is otherwise entitled to recover.

"Average weekly wages" in the definition not being applicable, the words "average weekly wages" in the sections as to payment (§§ 9 and 10 of Part II), should be interpreted in their common and ordinary sense and should be computed by dividing the total amount earned by the number of weeks of employment. The testimony and the finding of the board based thereon show such wages to have been $3. This is one of the cases where "a different meaning" of average weekly wages from that given in the definition "is plainly required by the context." Part V, § 2.

If within thirty days after rescript the employee moves for further hearing, and that motion is allowed the case shall be re-

committed to the Industrial Accident Board. Otherwise, a new decree shall be entered on a basis of $3.00 as average weekly wages, — the amount shown by the present record as average weekly wages.

*So ordered.*