ARTHUR N. KING's (dependent's) CASE.

Suffolk.    October 24, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act*, Amount of compensation. *Words*, "Average weekly wages."

In a proceeding under the workmen's compensation act, it appeared that, when injured, the employee was working for a corporation for which he worked only on Saturday night of each week, and that he had been so employed on Saturday nights for over a year; that during the week he was employed by another corporation. *Held*, that these circumstances did not make it "impracticable" under St. 1911, c. 751, Part V, § 2, to compute the employee's average weekly wages by dividing his entire earnings during the twelve calendar months preceding his injury by fifty-two, and that therefore that method should be used in reaching a basis for the award of compensation.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board awarding compensation to the widow of Arthur N. King, who had died as the result of injuries received while in the employ of the Globe Newspaper Company in Boston.

The evidence before the single member of the Industrial Accident Board showed that the employee was employed up to Saturday noons with the Atlantic Printing Company and that, for a period of years, he had worked for the Globe Newspaper Company Saturday nights in assisting to run the web presses upon which were printed the Sunday editions of the newspaper. The findings and ruling of the single board member were as follows:

"The principal question raised by the record is as to the average weekly wage upon which the amount of compensation to be paid the dependent is to be based. This employee worked but one night a week; and it is therefore impracticable to compute his average weekly wages by dividing his total earnings for a period of the twelve calendar months immediately preceding the date of the injury by fifty-two. That being so, regard may be had to the average weekly amount earned by a person in the same trade, employed at the same work, by the same employer. I find there were such persons, namely, web pressmen, employed by the Globe Newspaper Company, doing practically the same work as this deceased, and that their average weekly wage was at least $31.52 a week. As two-thirds of this amount is in excess of $10, the insurer should pay the petitioner, as total dependent, the sum of $10 a week for the statutory period."

The full board affirmed the findings and ruling of the single member.

In the Superior Court the case was heard by *Wait*, J., and a decree was entered awarding the claimant "weekly compensation of ten dollars for a period of four hundred weeks." The insurer appealed.

The material portion of St. 1911, c. 751, Part V, § 2, is as follows: "The following words and phrases, as used in this act, shall, unless a different meaning is plainly required by the context, have the following meaning: . . . 'Average weekly wages' shall mean the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two; but if the injured employee lost more than two weeks' time during such period then the earnings for the remainder of such twelve calendar months shall be divided by the number of weeks remaining after the time so lost has been deducted. Where, by reason of the shortness of the time during

which the employee has been in the employment of his employer, or the nature or terms of the employment, it is impracticable to compute the average weekly wages, as above defined, regard may be had to the average weekly amount which, during the twelve months previous to the injury, was being earned by a person in the same grade employed at the same work by the same employer; or, if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district."

*G. Gleason,* for the insured.

*P. L. Keenan,* (*A. Z. Lemoine* with him,) for the claimant.

CARROLL, J.    Arthur N. King, the employee, received a fatal injury while in the employ of the Globe Newspaper Company, hereinafter called the Newspaper Company.    The widow was awarded compensation of $10 a week for four hundred weeks. King was regularly employed each week by the Atlantic Printing Company from Monday until Saturday at noon, at a weekly wage of $28.    Saturday nights he worked for the Newspaper Company and received $9.20 for each night's work.    The Industrial Accident Board awarded compensation based on the weekly wage of $31.52, that being the average weekly amount earned by a person in the same grade, employed at the same work by the same employer.    St. 1911, c. 751, Part V, § 2.    The insurer contends that the weekly compensation should be $6.13, based on a weekly wage of $9.20.

King was employed by the newspaper company for twelve calendar months immediately preceding the date of his injury. Because he worked for this company but one night each week during that time, the Industrial Accident Board found that, while so employed, it was impracticable to compute his average weekly wages by dividing his earnings during the twelve preceding calendar months by fifty-two.

In computing wages under the workmen's compensation act, regard may be had to the average weekly amount earned by one in "the same grade employed at the same work" and by the same employer, when by reason of the shortness of time of the employment, or by reason of its nature or terms, it becomes impracticable to compute the employee's average weekly wages earned during the twelve months preceding his injury by dividing this amount by

fifty-two. St. 1911, c. 751, Part V, § 2. King had been employed each Saturday night during the year by the Newspaper Company, and the shortness of time during which he had been in its employ did not make it impracticable to ascertain his weekly earnings received from the Newspaper Company during the preceding year. Nor were the nature and terms of his employment of such a character as to render the computation of the compensation impracticable. He was regularly employed by the Newspaper Company, his wages were established, and for each Saturday night's work he received a fixed sum. The amount earned by an employee in a particular employment should govern in all cases, in computing the compensation to be paid under the workmen's compensation act, unless the computation becomes impracticable; and the wages which determine the compensation, with the exceptions referred to, are the wages earned in the employment where the injury happens. The cost of the insurance to the employer is determined by the wages of the employee received in this employment, and it is to be presumed that this is shown by the pay-roll. *Gagnon's Case*, 228 Mass. 334, 337, 338.

The case at bar is to be distinguished from *Gillen's Case*, 215 Mass. 96. In that case the injured employee was a longshoreman. The nature of his work was such that he was not regularly and continuously employed by any one employer, but worked for different ones and his employment varied in its time and extent. Although he was continuously and regularly employed as a longshoreman, he might work for one steamship company one day, for another the next; it was possible for him to be employed by more than one company during the same day and it was uncertain by whom he would be employed from day to day. The compensation decreed was based not on the weekly wages earned by a person in the same grade of work, employed at the same work by the same employer, but upon the clause of the statute which estimates the compensation by the wages of a person employed in the same grade, in the same class of employment in the same district. By the very nature and terms of such employment it became impracticable to measure an employee's wages according to the general rule, viz. by dividing the year's earnings received from one employer by fifty-two, and for this reason the employee came within the exception, already referred to, where the compensation is not

restricted to the wages paid by the same employer, and where the "custom of the employment is for continuous work of a specific kind for different employers."

In *Rice's Case*, 229 Mass. 325, it was decided that the compensation of a spare time worker who worked after school five days and all day Saturday of each week, should be computed on the wages received by her while in the employment where she was injured, in accordance with the first clause of § 2 of Part V of the workmen's compensation act relating to average weekly wages. The rule established in that case is applicable to the case at bar.

It may be proper to add that the provision of the English workmen's compensation act, St. 6 Edw. VII, c. 58, sch. 1, (2) (*b*), providing for compensation based on concurrent contracts of service with two or more employers, is not found in our act. It follows that the compensation should be computed on the employee's earnings for the preceding year, received from the Newspaper Company.

The decree is to be modified by striking out the words "ten dollars" and inserting in place thereof $6.13; and so modified it is affirmed.

*So ordered.*