### GARLAND SNOW'S CASE. ·

Suffolk.    April 16, 1925. — May 21, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Amount of compensation; Procedure: finding by Industrial Accident Board. *Words*, "Average weekly wages."

A record of a decision by the Industrial Accident Board awarding compensation to a claimant under the provisions of the workmen's compensation act disclosed that the claimant had not been at work continuously for twelve months for his employer and that there was no evidence that his employer had employed any one at the same work during the twelve months preceding the claimant's injury, and no evidence to show the amount of wages paid to a person at work in the same grade and class in the particular locality. Compensation apparently was awarded on a finding that the plaintiff's average weekly wages were at the rate paid by his employer during the time he had worked for him. On an appeal by the insurer from a decree of the Superior Court, entered in accordance with the decision of the Industrial Accident Board, it was *held*, that

(1) There was no evidence to support the finding of the Industrial Accident Board.

(2) The decision was reversed and the case was directed to be recommitted to the Industrial Accident Board for further hearing on the question of the weekly wages of the employee under the final clause of G. L. c. 152, § 1, at which hearing either party was to be permitted to offer additional evidence.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board affirming and adopting findings and rulings by a single member of the board and awarding compensation to the claimant, as described in the opinion.

In the Superior Court, the case was heard by *Morton*, J. Material facts shown by the record are described in the opinion. A decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*E. I. Taylor & W. H. Tribou*, for the insurer.

*F. H. Magison*, for the employee.

CARROLL, J. In this proceeding under the workman's compensation act, the employee was, at the time of his injury, in the general employment of one Torrey. The Sargent Coal Company hired Torrey to saw wood at a stated price per cord, Torrey "to furnish all help." While engaged in this work the employee was injured and lost his right hand "below the wrist." See G. L. c. 152, § 36 (a) (b).

The question in the case is the amount of the employee's weekly wages. The Industrial Accident Board found that his average weekly wage was $19.20, and awarded general compensation at the rate of $12.80 a week from April 23, 1924, continuing subject to the provisions of the statute; and specific compensation at the rate of $10 a week for a period of fifty weeks. In the minority report it was found that the employee was entitled to general compensation at the minimum rate of $7; and specific compensation in accordance with such actual wage as can be determined.

The employee was not continuously employed by Torrey during the year preceding April 16, 1924, the date of his injury. He worked for several employers at different kinds of work. He testified that he worked for Torrey "about a week before the accident," and in the summer before he was injured "off and on at different times . . . probably a couple of days a week . . . Some weeks he worked two or three days for Mr. Torrey and some weeks he worked only one day." He further testified that Torrey paid him $.50 an hour. Torrey testified that from October, 1923, to April, 1924, the employee worked for him "'one day of seven hours and a few hours at odd times; maybe a total of eight or ten hours.' He paid him fifty cents an hour at times, and forty cents an hour. . . . 'In this particular case I paid him forty cents an hour.'"

Apparently the board based the finding that the employee's wages were $19.20 a week upon the ground that he was employed forty-eight hours a week at forty cents an hour.

By G. L. c. 152, § 1, "average weekly wages" means the earnings of the employee during the period of twelve calendar months immediately preceding the date of the injury, divided by fifty-two. "Where, by reason of the shortness of the time during which the employee has been in the employment of his employer" it is not practicable to compute the wages under this sentence of the statute, the average weekly amount of wages earned during the twelve months preceding the injury "by a person in the same grade employed at the same work by the same employer" may be considered, and "if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district."

The wages of the employee could not be computed under the first sentence of the definition, because his employment by Torrey was not continuous throughout the year. As stated in *Gillen's Case*, 215 Mass. 96, at page 97, this sentence refers to substantially uninterrupted work in a particular employment, from which the wages of the employee were derived. The clause of the section following has reference to a case where the employee has been in the service of his employer such a short period of time that the average weekly wages earned during the preceding twelve months by a person in the same grade as the injured employee, "employed at the same work by the same employer," may be taken into account. There was evidence tending to show that no one was employed "at the same work by the same employer," during the twelve months preceding the date of the employee's injury. This part of the section, therefore, does not apply in estimating the employee's weekly wages. By the final sentence of the definition, without reference to the same employment by the same employer, weekly wages may be ascertained, if the first two sentences are not pertinent, based on weekly wages received by a person "in the same grade employed in the same class of employment and in the same district." Although there was no evidence to show the

amount of wages paid to a person in the same grade and class
in the particular locality, we think the case should be re-
ferred to the Industrial Accident Board for the purpose of
determining, if possible, the amount of weekly wages paid
to a person in the same grade and class as the injured em-
ployee, in the locality where he was employed. It may be
that no evidence can be found bearing on this point, and that
all the evidence relating to the question was presented at
the former hearing; but on the record before us, there is no
evidence to support the finding of the Industrial Accident
Board. The employee was not at work continuously for
twelve months for Torrey; there was no evidence that
Torrey employed any one at the same work during the pre-
ceding twelve months; and there was no evidence to sustain
the finding under the final sentence defining weekly wages.

The minority decision evidently had reference to § 34 of
the statute, which provides for a minimum compensation of
$7 a week for total incapacity; and to § 36 relating to
minimum compensation for specific injuries other than those
mentioned.

It remains to consider some of the cases bearing on the
question of weekly wages under the workmen's compensation
act. In *Gillen's Case, supra,* the employee was engaged in
substantially continuous work as a longshoreman throughout
the year, although employed by different steamship com-
panies. In *Gove's Case,* 223 Mass. 187, the employee was a
carpenter and there was evidence of the rate of wages paid
to carpenters in the district where he was employed. *Bar-
toni's Case,* 225 Mass. 349, decided that average weekly
wages in an employment, where, on account of weather con-
ditions, there was no work to be done for a period of twelve
and ninety-seven hundredths weeks, the average weekly
wages of the employee were to be determined by dividing
the total weekly amount of wages received during the preced-
ing year by the actual number of weeks during which he
worked. None of these cases are pertinent to the case at bar.
In *Rice's Case,* 229 Mass. 325, the employee was a spare time
weaver working after school and all day on Saturday, and
earning $3 a week; on the evidence her average weekly

wages were to be determined according to her actual earnings. This case was followed in *King's Case*, 234 Mass. 137, where the employee worked each Saturday night during the year for a newspaper company, and the amount actually earned was held to control in computing compensation to be paid. See *Marvin's Case*, 234 Mass. 145, where this rule was applied; in this case the average weekly wages earned were below the minimum allowed by the statute, and minimum compensation was awarded.

The decree must be reversed and the case recommitted to the Industrial Accident Board for further hearing on the question of the weekly wages of the employee, under the final section of the statute referred to, at which hearing either party may offer additional evidence.

*So ordered.*