## GARLAND SNOW'S CASE.

Suffolk. January 18, 19, 1927.— May 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Workmen's Compensation Act,* Amount of compensation. *Words,* "Same district."

In the absence of testimony showing like conditions of labor and wages in Boston and Merrimac, a finding that Boston and Merrimac were "in the same district" within the meaning of G. L. c. 152, § 1 (1) is not warranted.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board reversing findings and rulings by a single member and ordering that specific compensation be paid to the claimant as at the rate of $4 per week for fifty weeks and compensation for total incapacity at the minimum rate of $7 per week for injuries received while employed by Sargent Coal Company.

The case previously was before this court when, by a decision reported 252 Mass. 426, it was remanded for the purposes described in the opinion. Upon rehearing by a single member of the Industrial Accident Board, he admitted testimony from which he made the following findings: "I find that, during the twelve months previous to the injury, M. F. Welch, a person performing the same grade of work as was being performed by the employee before the injury, employed in the same class of employment, and in the same district, earned an average weekly wage of $25.01."

The Industrial Accident Board on review ruled that the single member erred; that "The word district as used in the statute has not so far as we know been judicially defined, but it seems plain that the town of Merrimac does not, in the absence of any testimony as to the custom of its inhabitants fall within that definition. While the mere distance alone may not necessarily determine the question, where such a distance does exist, it should at least appear that the in-

habitants of Merrimac were in the habit of seeking and obtaining employment in the city of Boston, or to put it in another form, that the city of Boston furnished and was customarily looked to for employment by such inhabitants. It would appear for instance that Boston might properly be found to be in the same district as the city of Somerville within the meaning of the provision of the statute in question, because of the probability of showing that so many of its inhabitants are employed within the confines of the city of Boston. No testimony of this sort was offered as to Merrimac and any effort to have produced such testimony would without question have been unsuccessful. This finding precludes the application of the wages in question being used as a basis for a finding. In addition to this it does not appear that the employee of the Metropolitan Coal Company was engaged in the same grade, or the same class of employment, as was the injured employee."

The board also found that the employee had failed to present evidence warranting a further modification of the original decision of the board as modified by this court.

In the Superior Court, the case was heard by *Hammond, J.,* by whose order a decree was entered in accordance with the findings and rulings of the Industrial Accident Board. The employee appealed.

*P. H. Stacey,* for the claimant.

*G. F. Garrity,* for the insurer.

PIERCE, J. This case when before the court in 252 Mass. 426 was recommitted to the Industrial Accident Board "for the purpose of determining, if possible, the amount of weekly wages paid to a person in the same grade and class as the injured employee, in the locality where he was employed." On the present appeal of the employee from the decree of the Superior Court, the only question for consideration is: Was there any evidence before the Industrial Accident Board from which the amount of the average weekly wages of a person "in the same grade employed in the same class of employment and in the same district" can be determined?

The decision of this question involves the construction of so much of G. L. c. 152, § 1 (1) as reads: "Where, by reason

of the shortness of the time during which the employee has been in the employment of his employer or the nature or terms of the employment, it is impracticable to compute the average weekly wages, as above defined, regard may be had to the average weekly amount which, during the twelve months previous to the injury, was being earned by a person in the same grade employed at the same work by the same employer, or, if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district." The words "same grade employed at the same work by the same employer" manifestly have identical meaning as the words "in the same grade employed in the same class of employment and in the same district."

There is no evidence reported to the effect that employees working in a portable saw mill are paid more or less than like employees are paid in a stationary saw mill; that the risks of injury to employees while in service at one class of mills are greater than attends employment in the other class; nor that proper use of a saw in one class of mills demands of the employee greater mechanical skill or the exercise of greater caution than in the other. In the business of sawing wood in portable or stationary saw mills, there is no evidence before this court that there is a classification of laborers or a grade of sawyers within the same class of employment. The finding of the single member, that an employee of the Metropolitan Coal Company of Boston, of the same grade and class as the injured employee, had worked during the twelve months previous to the injury to the employee and had earned an average weekly wage of $25.01, warranted the use of the wage fact thus ascertained in the determination of the average weekly wage of the injured employee, if the location of the saw mill of the coal company is "in the same district" as the town of Merrimac, where the claimant employee was injured.

The words "same district" as used in the statute connote a place, locality or quarter which has common characteristics of business, of employment, of inhabitants and of their economic customs and habits. It would seem to be highly

improbable that the wage of a sawyer in a saw mill in the town of Merrimac would be or could be a standard wage for an employee in Boston, doing like work but subject to the greater expense of living. On the other hand economic conditions in Boston would seem to demand a different wage from one that might be a usual wage in Merrimac. In the absence of any testimony showing like conditions of labor and wage in Boston and Merrimac, we think the claimant has not shown that Boston and Merrimac are "in the same district." *Gagnon's Case*, 228 Mass. 334, 337.

*Decree affirmed.*