CLEOPHAS J. ETHIER'S CASE.

Essex.    February 7, 1934. — March 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Workmen's Compensation Act*, Amount of compensation, Finding by Industrial Accident Board, Appeal. *Words*, "Average weekly wages."

A finding by the Industrial Accident Board in proceedings under the workmen's compensation act, that the employee was a part time worker, was final, where the record disclosed that it was warranted by the evidence heard by the board.

One, who was engaged as a part time worker and who had worked two days when he was totally incapacitated by an injury arising out of and in the course of his employment, was entitled, in proceedings under the workmen's compensation act, to compensation based on an average weekly wage equal to the total amount paid him for his two days' work, there being no evidence to show the average weekly wage of a part time worker.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material findings by the board are stated in the opinion. By order of *Gray*, J., a decree in accordance with the board's decision was entered. The employee appealed.

*G. Karelitz*, for the claimant.

*F. G. Claffie*, for the insurer.

PIERCE, J. This is an appeal by the employee from a decree of the Superior Court, affirming a finding of the Industrial Accident Board. The facts found by the single member of the Industrial Accident Board, and which were supported by evidence, disclose that the employee had been a meat cutter for thirty-five years; that on September 30, 1932, he went to work for the First National Stores as a meat cutter; that on the following day he stuck a tag wire into his right palm and suffered a severe injury in his hand as a result thereof; that he put on home remedies but the injury gradually got worse and on the following Friday he saw a doctor. He was paid $9 for the two days he worked.

It is the contention of the employee that he was hired as a regular meat cutter, whereas the insurer contends he was hired as a spare meat cutter. The single member filed her decision on March 21, 1933. She found as a fact on the reported evidence that the "employee was not engaged as a full time worker but was engaged as a part time worker; that he worked only the two days and received $9 for his services"; and that "Therefore in accordance with *Rice's Case*, 229 Mass. 325" his average wage was $9. The employee filed a claim for review by the Industrial Accident Board. After a hearing on May 11, 1933, the reviewing board recommitted the case to the single member for the purpose of "introducing any material evidence on the conditions of his employment and the wages of a steady worker in this kind of employment." The case was again heard by the same member on July 7, 1933, and her decision, filed on August 2, 1933, in substance was that she was "satisfied the employee was not engaged as a full time worker and that he worked and received $9 for two days and that had he not been injured he would have continued to be a spare meat cutter." The Industrial Accident Board on review affirmed and adopted "the findings and decision of the single member under which it is found that the employee received a personal injury which arose out of and in the course of his employment on September 30, 1932, as a result of which he has

been totally disabled since October 8, 1932, that he has lost permanently the use of the third finger on the right hand and is entitled to specific compensation therefor, and that the employer had notice of said injury and the insurer was not prejudiced by any lack of notice." No party to these proceedings disagrees with the findings of the single member thus affirmed and adopted by the Industrial Accident Board on review.

The reviewing board affirmed and adopted "the further findings of the single member that the employee was engaged as a part time worker, that he worked only two days immediately preceding his injury and received $9 for his services, that if he had not been injured he would have continued to be a spare meat cutter, that his average weekly wages, determined according to the rule in *Rice's Case*, 229 Mass. 325, were $9, and accordingly that he is entitled to the payment of total incapacity compensation at the rate of $9 per week from October 8, 1932, and continuing subject to the provisions of the act." The sole objection of the employee is to the finding "that the employee was a part time worker and entitled to an average weekly wage based on $9 per week." There is ample evidence in the record to support the finding that the employee was a part time worker. This fact is therefore settled to be as found by the reviewing board, regardless of whether there is any evidence which would warrant a different finding. *Donovan's Case*, 217 Mass. 76. *Amodio's Case*, 233 Mass. 104. *Gravellese's Case*, 258 Mass. 170.

The employee contends that the "Average weekly wages" as defined in G. L. (Ter. Ed.) c. 152, § 1 (1), must be, on the facts of this case, "based either on the average weekly wages earned by a person in the same grade employed at the same work by the same employer, or if that cannot be determined, then by the average weekly wage of a person in the same grade doing the same kind of work in the same neighborhood or vicinity." There was testimony at the hearing, introduced by the insurer, as to the average weekly wages of an employee who did meat cutting with other work, and received $20 per week, as well as testi-

mony as to the average weekly wages, in the vicinity, of meat cutters doing the same kind of work; and there was a finding by the single member that a full time meat cutter's weekly wage was $35. There was no evidence introduced to show the average weekly wage of a spare time worker. We think the weekly wage was rightly determined to be within the principle stated in *Rice's Case*, 229 Mass. 325, and not within the principle which governed the decision in *Gove's Case*, 223 Mass. 187, in *Snow's Case*, 252 Mass. 426, or in *McDermott's Case*, 283 Mass. 74.

*Decree affirmed.*