### WILLIAM T. ROBICHAUD'S CASE.

Franklin.   September 18, October 9, 1935. — November 12, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Amount of compensation.

In a proceeding under the workmen's compensation act, where no statutory formula for computing average weekly wages was applicable, the average weekly wage of an employee who worked during and was paid for alternate weeks was to be computed at one half the amount so received during the fortnight.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board.

A decree in accordance with the board's decision was entered by order of *T. J. Hammond*, J. The employee appealed.

*C. Fairhurst*, for the claimant.

*P. A. Dever*, Attorney General, *R. Clapp & J. P. Connolly*, Assistant Attorneys General, for the Commonwealth, submitted a brief.

LUMMUS, J. The only question relates to the amount of compensation. The employee, once a regular worker, at the time of the injury was employed on a "stagger" system, by which he worked from Thursday morning until Wednesday night for a week's pay of $24, and then did no work and earned no more pay until Thursday morning of the following week. The result was that he earned a week's pay of $24 every two weeks, and thus averaged $12 a week. He contends that his average weekly wages were $24. The board found that they were $12, and that consequently the amount of compensation for total disability was $9 a week. G. L. (Ter. Ed.) c. 152, § 34. A decree was entered accordingly. The employee appealed.

No formula for computing average weekly wages, contained in G. L. (Ter. Ed.) c. 152, § 1 (1), is applicable, for there is no evidence of the earnings of the employee or any other person during the twelve months immediately preceding the injury. *Gillen's Case*, 215 Mass. 96. *Gorski's Case*, 227 Mass. 456, 461. *Snow's Case*, 252 Mass. 426. *McDermott's Case*, 283 Mass. 74, 78. But an injured employee is entitled to have his average weekly wages computed in some way. In *Rice's Case*, 229 Mass. 325, 328, where no statutory formula could be applied, the average weekly wages were "computed by dividing the total amount earned by the number of weeks of employment." In the present case the employee was regularly employed as a part time worker. The principle of *Rice's Case* requires that the amount of money earned during the employment and the period required to earn it be set against each other in com-

puting the average weekly wages. *Ethier's Case*, 286 Mass. 139. See also *Bartoni's Case*, 225 Mass. 349; *Norman's Case*, 278 Mass. 464. The amount was properly computed as $12. To sustain the contention of the employee would give him more money while totally disabled than he could earn while working.

*Decree affirmed.*