JOSEPH KACZMARCZYK'S CASE.

Hampden.    September 20, 1951. — November 1, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Amount of compensation.

A partially incapacitated employee whose weekly compensation under § 35 of G. L. (Ter. Ed.) c. 152, the workmen's compensation act, and weekly earnings after his injury together equalled his weekly wage before the injury was not entitled to have added to such weekly compensation the sum for dependents specified in § 35A, as appearing in St. 1946, c. 553.

The words "aggregate of such amounts" in G. L. (Ter. Ed.) c. 152, § 35A, as appearing in St. 1946, c. 553, refer in the case of a partially incapacitated employee to the aggregate of what he is able to earn after his injury and what he receives under §§ 35 and 35A.

Only when the maximum weekly compensation payable under § 35 of G. L. (Ter. Ed.) c. 152 to a partially incapacitated employee and his weekly earnings after his injury together do not equal his weekly wage before the injury is he entitled to additional payment for dependents under § 35A, as appearing in St. 1946, c. 553, and then subject to the limitation that the combined additional payment, weekly earnings and compensation cannot exceed his weekly wage prior to the injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Fairhurst*, J.

In this court the case was submitted on briefs.

*J. A. Anderson, Jr.*, for the claimant.

*A. E. Quimby*, for the insurer.

SPALDING, J.  The question for decision here is whether the employee is entitled to compensation for dependents

under G. L. (Ter. Ed.) c. 152, § 35A, inserted by St. 1945, c. 717, as appearing in St. 1946, c. 553.

The case was submitted on a statement of agreed facts. On August 29, 1947, the employee sustained an injury to the fingers of his left hand for which he was entitled to compensation, and during the period that he was totally incapacitated he received the compensation provided for under G. L. (Ter. Ed.) c. 152, § 34, as amended, together with additional compensation under § 35A for his wife and minor child, who, it is conceded, are dependents within the meaning of that section. The employee returned to work on January 24, 1949, and, because he was partially incapacitated, was paid compensation in accordance with the provisions of § 35, as amended, that is, "weekly compensation equal to the entire difference between his average weekly wage before the injury and the average weekly wage he is able to earn thereafter." At the time of the hearing before the Industrial Accident Board the employee was still partially incapacitated and the insurer was ready and willing to pay him weekly compensation of $10.72, the difference between his present average weekly wage of $38.31 and $49.03, his average weekly wage prior to his injury.

The employee contended that under § 35A he was entitled to receive $5 a week for his two dependents in addition to the compensation he received under § 35, and this was the only question in issue. The claim for additional compensation was denied by the single member and his decision was affirmed by the reviewing board. From a decree of the Superior Court in accordance with the decision of the board the employee appealed.

Section 35A, so far as material, reads, "Where the injured employee has persons conclusively presumed to be dependent upon him or in fact so dependent, the sum of two dollars and fifty cents shall be added to the weekly compensation payable under sections thirty-four, thirty-four A and thirty-five, for each person wholly dependent on the employee, *but in no case shall the aggregate of such amounts exceed the average weekly wages of the employee*" (emphasis supplied).

The case turns on the construction to be placed on the italicized portion of § 35A. It is the employee's contention that in determining the "aggregate of such amounts" the actual earnings of the employee are to be excluded. Stated differently, the employee's position is that he is entitled to receive $2.50 for each dependent provided that these sums together with the amount paid for partial compensation (the difference in weekly wages before and after the injury) do not exceed the average weekly wages of the employee. Thus here, since the difference between what he earned before the injury and his present weekly wage is $10.72, the aggregate of this amount and the weekly payments of $5 for dependents would be less than $49.03, his prior average weekly wage.

The words "aggregate of such amounts" with respect to cases of total incapacity under §§ 34 and 34A, as amended, can only refer to the amounts received under those sections and § 35A; they obviously do not refer to the amount earned by the employee because he has no earning capacity. But those words in the case of an employee who is only partially incapacitated in our opinion mean the aggregate of what he is able to earn and what he receives under §§ 35 and 35A. In other words, the payments for dependents under § 35A are to be paid to the employee only in those cases where the maximum compensation under § 35 and the employee's wages together do not equal his average weekly wage prior to the injury.

It may seem at first blush that this construction of § 35A renders meaningless the provision that $2.50 for each dependent "shall be added to the weekly compensation payable under . . . [section] thirty-five," for the reason that a partially incapacitated employee, by combining the amount he is able to earn and his compensation payments, will always receive the equivalent of his former weekly wage. But a closer analysis of the statutes involved will demonstrate that this is not so. Doubtless in many, if not most, cases the amount of the employee's earnings plus compensation payments under § 35 would equal his prior weekly

wage. But that would not always be so. The provision that the partially incapacitated employee is to receive the difference between his former weekly wage and what he is able to earn thereafter is qualified by the words as they then read "but not more than twenty-five dollars[1] a week" (§ 35). Thus there could be cases where the aggregate of the amount earned by the employee and the maximum amount permitted under § 35 would be less than his prior weekly wage. In such cases one receiving partial compensation would also be entitled to payments for dependents to the extent that such payments when combined with his earnings and partial compensation did not exceed his weekly wage prior to his injury.

The construction of § 35A for which the employee contends would result in his receiving an income in excess of his earnings prior to the injury. It is hardly conceivable that such a result was intended by the Legislature. In general the purpose of the act is to compensate an injured employee for the impairment of his earning capacity. *Gagnon's Case,* 228 Mass. 334, 336. *Federico's Case,* 283 Mass. 430. *DeFilippo's Case,* 284 Mass. 531, 533. *Akins's Case,* 302 Mass. 562, 564. There are, to be sure, exceptions, as in G. L. (Ter. Ed.) c. 152, §§ 36 and 37. But where there has been any departure from the basic purpose of the act the Legislature has manifested its intent in no uncertain manner. Thus in § 36, which provides for compensation for certain specific injuries, it is stated that these payments are "in addition to all other compensation." But in cases not falling within these exceptions, of which the present is one, it was not the purpose of the act to put the employee in a better position with respect to compensation than he was in prior to the injury.

*Decree affirmed.*

---

[1] This amount was increased to $30 by St. 1949, c. 520, § 3.