ANTHONY JUOZAPAITIS'S CASE.

Suffolk.   October 2, 1956. — December 6, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS,
& WHITTEMORE, JJ.

*Workmen's Compensation Act*, Amount of compensation, Specific compensation, Minor, Serious and wilful misconduct of employer.  *Minor. Contract*, Of employment.  *Greenhouse.*

The "average weekly wages" under G. L. (Ter. Ed.) c. 152, § 1 (1), as appearing in St. 1943, c. 529, § 1, of a minor employed by a subscriber under the workmen's compensation act, usually on Saturdays and during school vacations, who received an average of $10.60 for thirty weeks of the year preceding a day in July on which he sustained a compensable personal injury and less than $5 during each of the remaining weeks of that year were properly determined to be $10.60 and not an amount based upon the wages of a regular full time employee doing work of a similar nature. [138–139]

There was no error on the part of the Industrial Accident Board in a workmen's compensation case in awarding an employee, granted the maximum compensation under G. L. (Ter. Ed.) c. 152, § 36 (d), as appearing in St. 1949, c. 519, for loss of an eye, compensation under § 36 (h) for disfigurement for only seventy-five weeks out of the statutory one hundred twenty-five weeks maximum. [139]

A greenhouse selling flowers is a mercantile establishment as defined by G. L. (Ter. Ed.) c. 149, § 1, as amended. [140]

The employment of a boy under sixteen years of age and known to be such by a mercantile establishment in violation of G. L. (Ter. Ed.) c. 149, § 60, as appearing in St. 1947, c. 109, § 1, since he had not been granted an employment permit as required by § 86, as amended,

would be serious and wilful misconduct of the employer under § 28 of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, as appearing in St. 1943, c. 529, § 9, entitling the boy to double compensation for an injury arising out of and in the course of his employment. [140]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Swift*, J., who entered a decree in accordance with the board's decision.

*Leon M. Fox*, for the claimant.

*John J. Brady*, for the insurer.

*Thomas H. Collins*, for the employer.

RONAN, J. This is an appeal by a minor employee from a decree awarding him workmen's compensation for an injury which resulted in the loss of an eye.

The employee, a high school student about fourteen and a half years of age, entered the employment of the employer, a florist and nurseryman, during the summer vacation of 1952 doing odd jobs inside the greenhouse — watering plants and setting glass. He returned to school in September, 1952, working for the same employer principally on Saturdays and during school vacations.

During the summer of 1953 he was again employed by the same employer doing the same work as in the previous year but more outside the greenhouse such as digging up and planting trees. He used a cultivator like a harrow between rows of trees. He started one morning in July, 1953, to clean the cultivator by means of an electric blower, but when a fellow employee started to insert the plug the machine, which resembled a vacuum cleaner, exploded and one of the fragments struck the employee's eye and so badly injured it that it was necessary to remove it.

The employee was available for work usually on Saturdays and during school vacations. His "average weekly wages" as defined by G. L. (Ter. Ed.) c. 152, § 1 (1), as appearing in St. 1943, c. 529, § 1, could not properly be based upon the wages of a regular full time employee doing work of a similar nature. A schedule of the payments made

to the claimant during the year preceding his accident was introduced in evidence. It showed that he received less than $5 during each of twenty-two weeks and an average of $10.60 for each of the remaining thirty weeks. The average weekly wage was computed correctly[1] in accordance with the statute which provided that "Weeks in which the employee received less than five dollars in wages shall be considered time lost and shall be excluded in determining the average weekly wages." See *Bartoni's Case*, 225 Mass. 349; *Rice's Case*, 229 Mass. 325; *Snow's Case*, 252 Mass. 426.

The claimant was awarded the maximum compensation of $20 a week for two hundred weeks for the loss of an eye under G. L. (Ter. Ed.) c. 152, § 36 (d), as appearing in St. 1949, c. 519, and also specific compensation of $20 a week for seventy-five weeks for disfigurement under § 36 (h). He contends that he ought to have been awarded the maximum compensation for one hundred twenty-five weeks on the last item. The single member saw the employee and his appearance. The amount to be awarded on this item was to a certain extent a matter of discretion. The employee returned to school early in September, 1953, which he attended regularly, and maintained good marks. There was no error in the reviewing board following the single member in this respect.

The employee contends that but for the accident he would have been paid at a higher rate. The board dismissed without prejudice his claim for additional compensation on this item. G. L. (Ter. Ed.) c. 152, § 51. The claimant did not contemplate becoming a florist or a nurseryman. His wages were increased while he was working for the employer. Whether he would have been paid a higher rate if he had not met with the accident was a matter of conjecture. In any event he was not harmed because the ruling of the board was made without prejudice. The board was not in error. *Bursey's Case*, 325 Mass. 702.

The board found and the final decree recited that the

---

[1] It was computed at $10.60. — REPORTER.

employee's mother was his dependent but no provision was made to increase the amount of compensation paid to the employee at the statutory rate of $2.50 a week on account of her dependency during the period from July 22, 1953, to June 1, 1954, in other words, from $475.48 to $587.62. The employee now contends that like compensation should be ordered on account of his father. G. L. (Ter. Ed.) c. 152, § 35A, as appearing in St. 1946, c. 553. The insurer has not been ordered to pay either parent. It will be time to decide that question when it arises.

The board found that the injury did not occur by reason of the serious and wilful misconduct of the employer or of a person having the power of supervision, but "The employment of any minor, known to be such, in violation of any provision of sections sixty to seventy-four, inclusive, or of section one hundred and four of chapter one hundred and forty-nine shall constitute serious and wilful misconduct under this section." G. L. (Ter. Ed.) c. 152, § 28, as appearing in St. 1943, c. 529, § 9.[1] The duties of the employee called for the performance of services both inside and outside the greenhouse. His employer was a florist and we assume that one of the purposes of the greenhouse is the sale of flowers. The greenhouse was a mercantile establishment as defined by G. L. (Ter. Ed.) c. 149, § 1, as amended. The employee had not been granted an employment permit as required by § 86, as amended, of said chapter. His employment in a mercantile establishment was in violation of G. L. (Ter. Ed.) c. 149, § 60, as appearing in St. 1947, c. 109, § 1. "Restrictions upon the freedom of contract imposed in the interests of society in general and for the benefit of minors in particular must be observed by those seeking to avail themselves of the services of those under age." *West's Case*, 313 Mass. 146, 150.

The decree must be reversed and the case remanded to

---

[1] A claim for double compensation by the employee under § 28 was denied by the board. The decree provided that "the injury was not caused by the serious and wilful misconduct of the employer or any person regularly entrusted with and exercising the powers of superintendence." — REPORTER.

the Industrial Accident Board for further proceedings consistent with this opinion. *Nelson's Case,* 217 Mass. 467. *Brown's Case,* 228 Mass. 31, 38. *Sciola's Case,* 236 Mass. 407, 414. *Chisholm's Case,* 238 Mass. 412, 418. *West's Case,* 313 Mass. 146.

*So ordered.*