RICHARD HERBST'S CASE.

Suffolk. November 1, 1993. - December 21, 1993.

Present: WILKINS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Workers' Compensation Act*, Amount of compensation, Average weekly
wages. *School and School Committee*, Compensation of personnel.
*Words*, "Average weekly wages," "Time lost."

A reviewing board of the Department of Industrial Accidents correctly
ruled that a public school teacher's "average weekly wages" for the
purpose of workers' compensation benefits are to be calculated on a
fifty-two week per year basis, without regard for the thirteen-week sum-
mer vacation period [649-650], and the board correctly calculated the
amount on a weekly basis, rather than on an hourly or per diem basis
[650-651].

APPEAL from a decision of the Industrial Accident Re-
viewing Board.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Joseph E. McGuire* for the employee.

*Steven Mourginis*, Assistant City Solicitor, for the
employer.

LYNCH, J. The novel issue raised in this case is whether a
public school teacher's "average weekly wages" for the pur-
pose of workers' compensation benefits should be calculated
with or without regard to the summer vacation period. On
September 19, 1983, the employee, Richard Herbst, a fifty-
four year old physical education teacher for the city of
Worcester (employer) with twenty-eight years of service, sus-
tained a compensable injury, resulting in his total disability.
At the time of injury, his annual salary was $22,139.53. The
employee's paychecks were dispersed biweekly throughout
the year, including the thirteen-week summer vacation period

when he did not work. The employer calculated the employee's average weekly wages by dividing his yearly earnings by fifty-two,[1] and awarded compensation in the amount of $289.18 per week thereafter.

The employee sought an increase in the amount of his weekly compensation arguing that the thirteen-week summer vacation period should be treated as either "time lost" or time when he earned less than five dollars a week for the purposes of G. L. c. 152, § 1 (1) (1992 ed.). Alternatively, the employee suggested that, because there were difficulties in determining his average weekly wages, a per diem or hourly formula should be utilized. In rejecting the employee's arguments, an administrative judge ruled that the summer vacation period was not time lost within the meaning of G. L. c. 152, § 1 (1), because the employee could have worked, but chose not to do so. He also ruled that the proper method of calculating average weekly wages is to divide by weeks, not hours or days. The employee appealed from this ruling to a reviewing board of the Department of Industrial Accidents (board), which affirmed the decision of the administrative judge. The employee then appealed to a single justice of the Appeals Court pursuant to G. L. c. 152, § 12 (1992 ed.). The single justice reported the matter without decision to a panel of the Appeals Court. We transferred the case here on our own motion. We affirm the board's decision.

The employee's main argument on appeal is that his weekly compensation rate should be calculated by dividing his annual salary by thirty-nine weeks instead of fifty-two weeks because he earns less than five dollars a week during the thirteen-week summer vacation period. To support his ar-

---

[1]General Laws c. 152, § 1 (1) (1992 ed.), provides that average weekly wages are "the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two; but if the injured employee lost more than two weeks' time during such period, the earnings for the remainder of such twelve calendar months shall be divided by the number of weeks remaining after the time so lost has been deducted. . . . Weeks in which the employee received less than five dollars in wages shall be considered time lost and shall be excluded in determining the average weekly wages . . . ."

gument, the employee cites the fact that his entire salary is earned during the school year even though he is paid biweekly throughout the calendar year. G. L. c. 71, § 40 (1992 ed.). Accordingly, he argues that the employer erred when it divided by fifty-two weeks rather than thirty-nine weeks. If the employee's compensation was calculated by thirty-nine weeks, he estimates his compensation would be increased from $289.18 to $297.85 per week.

The board ruled that the employee's summer vacation period was not "time lost" or a period in which he "received less than five dollars in wages" because the employee was not prevented from working. See *Snow's Case*, 252 Mass. 426, 428 (1925); *Rice's Case*, 229 Mass. 325, 328 (1918); *Bartoni's Case*, 225 Mass. 349, 352 (1916). A teacher is free to pursue employment either within the school system or elsewhere during the summer vacation period. A teacher is not eligible for unemployment benefits during this time and benefits such as health insurance are not terminated during the summer period. It is within the teacher's discretion whether he works during the summer vacation period. We see no reason to disturb the board's findings.

The employee argues, in the alternative, that his average weekly wages should be calculated on an hourly or per diem basis because his work hours vary making it difficult to calculate his wages on the standard fifty-two week basis.[2] While G. L. c. 152, § 1 (1), does permit alternative methods of calculation, these methods are generally limited to occasions where the shortness of employment, the terms of employment, or the nature of the employment makes it "impracticable to compute" in the standard way. See *Morris's Case*, 354 Mass. 420, 422 (1968); *Juozapaitis's Case*, 335 Mass. 137, 139 (1956); *Robichaud's Case*, 292 Mass. 382 (1935). Absent special conditions, the statute requires division by weeks, not by hours or by days. *O'Loughlin's Case*, 270 Mass. 326,

---

[2]The employee also argues that teachers' contracts may be renegotiated during the school year and that they run differently from the calendar year, creating a distortion in calculating average weekly wages.

329 (1930). As the board stated: "Increasing the average weekly wage of a teacher claiming to work only assigned teaching hours or short hours, would in effect reward the teacher who works less with greater benefits." The purpose of the workers' compensation act is to compensate an employee whose injury impairs his earning capacity. *Kaczmarczyk's Case*, 328 Mass. 9, 12 (1951), citing *Gagnon's Case*, 228 Mass. 334, 336 (1917). The purpose is not to put the employee in a better position than he was in prior to the injury. *Id.* The decision of the board is affirmed.

*So ordered.*