Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of MARY LERNER, Respondent, for Compensation under the Workmen's Compensation Law, *v.* JAKWALL EMBROIDERY COMPANY, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Insurance Carrier, Appellants.

Third Department, November 15, 1922.

Workmen's Compensation Law — amount of compensation must be based on average weekly wage at time of injury — basis of compensation to minor — compensation cannot be increased on basis of average wages at time increase is allowed — Workmen's Compensation Law, § 22, does not authorize such increase.

In determining the amount of compensation which an employee shall receive under the Workmen's Compensation Law the basis is the average weekly wage of the employee at the time of the injury and in case claimant is a minor the

increase toward adult wages at the time, which would naturally come to him with years, efficiency and skill, may be considered in fixing the average weekly wage during the period of the award.

Accordingly, it was improper for the State Industrial Board, on a hearing had after the claimant's injuries were found to be permanent, to fix the future earning capacity and to award compensation on the basis of the average weekly wage in her line of employment at the time of the hearing which wage was greatly in excess of the average weekly wage at the time of the injury.

Section 22 of the Workmen's Compensation Law, providing for an increase in compensation " on the ground of a change in conditions." does not refer to a change in the average weekly wage for like work which occurs after the injury was suffered.

APPEAL by the defendants, Jakwall Embroidery Company and another, from a decision and award of the State Industrial Board, made on the 25th day of September, 1921.

*Robert H. Woody* [*Neile F. Towner* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

VAN KIRK, J.:

The claimant, then eighteen and one-half years of age, earning thirteen dollars and fifty-six cents per week, was injured September 30, 1918. Under an award and by agreement payments at nine dollars and twelve cents per week were made. In September, 1919, it was found that claimant's injuries were permanent. Hearings were had, the future earning capacity of the infant was considered and her average weekly wage determined to be eighteen dollars per week. The award was made December 17, 1919, for 244 weeks for the loss of use of left hand (Workmen's Compensation Law, § 15, subd. 3, as amd. by Laws of 1917, chap. 705) at eleven dollars and fifty-four cents per week, adjustments made for the past payments and the case closed. There was no appeal from this award. On the application of the claimant, advance payments were ordered January 20, 1920, five hundred dollars; February 13, 1920, three hundred dollars; and September 12, 1920, one hundred dollars. Thereafter application was made to open the award and fix the future earning capacity of the claimant. The appellants objected that this question had been determined and the case closed on December 17, 1919, but the case was opened, evidence taken and the compensation increased to twenty dollars per week, beginning September 26, 1920, " and to continue until her bi-weekly payments previously awarded have been paid." In its findings is this: " The Industrial Board having before it additional evidence, which tended to show that the prior decision of the presiding Commissioner had been made without full knowledge of the facts, granted

claimant's application to reopen her case. In view of the additional evidence before the Board, and in view of the fact that claimant was a minor when injured, and that under normal conditions her wages would be expected to increase, the raising of the expected increase from $18.00 to $30.00 is in the interests of justice."

The State Industrial Board has jurisdiction to make, from time to time, such change or modification in an award as in its opinion may be just (Workmen's Compensation Law, § 74, now § 123), and, " on the ground of a change in conditions," may increase the compensation previously awarded, subject to the maximum or minimum provided in the law. (Workmen's Compensation Law, § 22; *Kriegbaum* v. *Buffalo Wire Works Co., Inc.,* 182 App. Div. 448; affd., 224 N. Y. 621; *Metcalf* v. *Firth Carpet Co.,* 196 App. Div. 790.)

The real question here is whether or not the basis of an increased award must be the average weekly wage at the time of the injury, or at the time the increase is allowed. The application to open the award of December 17, 1919, was made three years after the injury, and nearly two years after the award. In the meantime, because of war conditions, wages had been very much increased.

Under the Workmen's Compensation Law (§ 14) the basis of compensation is the average weekly wage at the time of the injury; but a minor's wages are generally less than those of an adult in like employment, and, therefore, it was provided that the increase toward adult wages at the time, which would naturally and normally come to him with years, efficiency and skill, may be considered in fixing the average weekly wage for compensation during the period of the award in the future. (Workmen's Compensation Law, § 14, subd. 5.) In this case the period covered is nearly five years. We do not think the expression in section 22 of the law, " on the ground of a change in conditions," referred to a change in the average weekly wage for like work which occurs after the injury was received. Sufficient reason for these words in the statute is found in the fact that the condition of the injured person may change materially and unexpectedly. To allow an increase above the average weekly wage at the time of the injury, because there has been a general increase in wages due to unexpected causes, would be to allow compensation entirely outside the insurance contract and outside the contemplation of the employer, the carrier and the employee, and would place a burden upon the carrier which it had never contracted to assume. There was a general and considerable increase in wages in the years 1919 and 1920. Many awards for permanent disabilities, made before this general increase, are still outstanding.

This evidence and the comments of the chairman show that the State Industrial Board fixed the average weekly wage upon the

wage rate at the time of the hearing and not at the time of the injury. The undisputed evidence is that, at the rate of wages paid at the time of the injury, the maximum pay which claimant could have reached, as she became expert, was twenty dollars a week. In the latter part of 1919 there was a great advance in the wages of those doing this work. There was first an " automatic " raise from twenty dollars to twenty-five dollars, and then from twenty-five to thirty dollars for the same work. There was a period when the wage for this work was thirty-five dollars a week, but at the time of the hearing it was twenty-eight or thirty dollars. Had this rehearing been held a little time earlier, the Board would have had evidence before it on which it could have found the average weekly wage of this claimant to be thirty-five dollars per week. We think that the compensation cannot be changed as wages vary from time to time. A contrary rule would result in injustice and the constant confusion of repeated applications by claimants and employers for changes in the rate of payments. The statute does not intend to permit such changes. Upon the proof in this case the highest average weekly wage, upon which the compensation of this claimant could be computed, was twenty dollars per week.

The award should be reversed and the case remitted to the State Industrial Board to take further action, not in conflict with this opinion.

H. T. KELLOGG, Acting P. J., KILEY, HINMAN and HASBROUCK, JJ., concur.

Award reversed and matter remitted to the State Industrial Board for further action, with costs to the appellants against the State Industrial Board to abide the event.