In the Matter of the Claim of ELIZABETH KERCHIK, Respondent, against LA FONTAINE NOVELTY COMPANY, INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 20, 1929.

*William Butler*, for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

HINMAN, J.  At the time of claimant's accident, while at work in a hat factory, she was fifteen years of age.  She had been working for twelve dollars a week.  Taking into consideration the fact that under normal conditions her wages would be expected to increase, the State Industrial Board has determined her average weekly wages to be twenty-five dollars a week.  (Workmen's Compensation Law, § 14, subd. 5.)  There is no evidence to justify that finding.  The only employee who received twenty-five dollars a week was a man, who ran a picking machine and it had always been a man's job to run that machine.  Moreover, the man was a mechanic and fixed all the machines.  There were fifteen other girls in the factory doing the same kind of work claimant was employed to do and the highest paid were receiving seventeen dollars a week.  They worked on carding machines.  Claimant's carding machine became out of order on the day of the accident and the man who ran the picking machine told her to bring wool to his machine.  While helping him she was injured.  There is no proof that under normal conditions claimant would be expected to qualify for the better paid position held by this man in this employment, whose duties were such that no woman had ever been employed to perform them.  Under the proofs the highest pay in the employment reasonably open to claimant was that paid to other girls, namely, seventeen dollars a week.  The question is one for the State Industrial Board to determine under all the circumstances disclosed in the evidence.  (*Szmuda* v. *Kent Bag Co.*, 214 App. Div. 341; *Markowitz* v. *Watters Laboratories*, 191 id. 267; *Vaughn* v. *Barnet Leather Co.*, Id. 652.)  The Board was bound to consider conditions as they actually existed in this employment at the time of the injury.  (*Lerner* v. *Jakwall Embroidery Co.*, 203 App. Div. 381.)

The award should be reversed, with costs against the State Industrial Board to abide the event, and the claim remitted.

VAN KIRK, P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.