In the Matter of the Claim of SARAH ORLANDO, Respondent, against SNIDER PACKING CORPORATION and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*Michael J. Allen,* for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

HILL, J. An award for death benefits has been made which is not questioned except it is contended that the Board incorrectly fixed $1,200 as decedent's average annual earnings. The employer conducts a canning factory which is operated not longer than from July first to November first in each year. Decedent was injured July 25, 1928, and died July 27, 1928.

Subdivision 3 of section 14 of the Workmen's Compensation Law defines the method for computing earnings in cases of this kind, and since the amendment effective July 1, 1928 (Laws of 1928, chap. 754), provides that the annual earning capacity of an injured

employee shall be arrived at by " having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment, or other employment as defined in this chapter, in the same or neighboring locality." The evidence upon which the respondent seeks to sustain the finding that decedent's annual average earnings were $1,200 a year was given by an employee of the State, whose business it was to procure employment for idle laborers and who was in charge of the State Employment Bureau at Rochester. The territory served by the Rochester bureau included thirteen counties in the western part of the State, within which decedent lived and worked during the time covered by the evidence. The evidence of this expert was that fifty cents an hour, or $1,200 a year, was the average wage rate for laborers in the State of New York and throughout his district. Testimony of this kind furnished no basis for a finding under the statute involved. It gave no consideration to the " previous earnings " of the decedent. In the standardization attempted, the employment was not limited to that engaged in by the deceased employee or " other employees of the same or most similar class," neither was the field within which the observations were made limited to the locality where decedent lived and worked, or a neighboring one.

The evidence gave the supposititious earning capacity of a laborer continuously employed, while this statute requires that regard shall be had to actual " previous earnings," either of the injured employee or other employees in the same class of work in the same or a neighboring locality. " The true test is this: What were the average weekly earnings, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness? " (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369, 372.)

In 1927 decedent was employed at or near LeRoy " during a large portion of the time from January to September 10 " by a salt company; from the latter date until November fifth by a manufacturer, and from November twenty-second to December tenth by the salt company. He apparently was idle until May 11, 1928, when he began work for a contractor at LeRoy and continued until July, then began working for the appellant employer at Albion and continued until his injury. The proof as to the wages which he received during all this employment is meager and fragmentary. In 1927, from October thirtieth to November fifth he received $21.25; from November twenty-second to December tenth, $42.76. In 1928, from May eleventh to about July first, $146.93, and while working for the appellant prior to his injury, $99.02. An employee other than decedent working for the appel-

lant during the canning season of 1927, beginning July second and ending October twenty-ninth, received $521.72.

The foregoing is all the evidence which was before the Board. It does not justify the finding of annual average earnings of $1,200.

In fixing the wage rate, the Board is permitted to consider not only the previous earnings of the injured employee, but of other employees of the same general ability or class, and who were working in the same or a similar kind of employment. If his past earnings for the time concerning which the proof was given appear to be indicative of what he normally earned, there would be no reason to consider the earnings of other employees, but if for any reason the proof indicates that his actual earnings for that period were not fairly representative, consideration may be given to the earnings of others, who worked " in the same or neighboring locality." Decedent was at all times employed at Albion, where he lived, or at LeRoy in an adjoining county. The general wage rate for laborers of all classes in the State of New York or even in thirteen counties is improper.

The award should be reversed and the matter remitted.

HINMAN, Acting P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.