In the Matter of the Claim of MARGARET RUPPERT against PLATTDEUTSCHE VOLKSFEST VEREIN et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

(Argued November 21, 1933; decided January 18, 1934.)

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* and *Henry Epstein* of counsel), for appellant. The decedent's death arose out of and in the course of the employment. (*Matter of Wickham* v. *Glenside Woolen Mills,* 252 N. Y. 11; *Matter of Babington* v. *Yellow Taxi Corp.,* 250 N. Y. 14; *Matter of Corrina* v. *DeBarbieri,* 247 N. Y. 357; *Matter of Miles* v. *Gibbs & Hill, Inc.,* 250 N. Y. 590; *Matter of Martucci* v. *Hills Bros. Co.,* 171 App. Div. 370; *Matter of Pendl* v. *Haenel,* 229 App. Div. 52; 234 App. Div. 643; *Matter of Field* v. *Charmette,* 245 N. Y. 139; *Matter of Crippen* v. *Press Co.,* 254 N. Y. 535.) The average weekly wages were properly determined by the State Industrial Board. (*Mackin* v. *Press Pub. Co.,* 209 App. Div. 252; *Kapler* v. *Camp Taghconic,* 222 App. Div. 785.) Claimant was the legal widow of the decedent at the time of his death. (*Matter of Crandall* v. *Davison,* 196 N. Y. 127; *Bamberger* v. *Bamberger,* 217 N. Y. Supp. 675.)

*William Warren Dimmick* for respondents. The alleged accidental injuries and the death of the decedent did not arise out of and in the course of his employment. (*Matter of Shearer* v. *Niagara Falls Power Co.,* 242 N. Y. 70; 245 N. Y. 199; *Matter of Stillwagon* v. *Callan Bros., Inc.,* 183 App. Div. 141; 224 N. Y. 714; *Raven Halls, Inc.,* v. *U. S. Fidelity & Guaranty Co.,* 142 Misc. Rep. 454; *Matter of Magna* v. *Hegeman Harris Co.,* 258 N. Y. 82; *Matter of Cunningham* v. *Hunterspoint Lumber & Supply Co.,* 256 N. Y. 574; *Stimal* v. *Jewett & Co.,* 198 App. Div. 427; 205 App. Div. 170; *Schoenherr* v. *Hartfield,* 172 App. Div. 294; *Hume* v. *Elder & Wells,* 178 App. Div. 652; *Reilly* v. *Connable,* 214 N. Y. 586; *Fallon* v. *Swackhamer,* 226 N. Y. 444; *Hartlett* v. *Gryzmish,* 218 Mass. 288.) The average weekly wage of deceased as found by the State Industrial Board is excessive, erroneous and not within the meaning of the Workmen's Compensation Law. (*Matter of Littler* v. *Fuller,* 223 N. Y. 369; *Matter of Kerchik* v. *LaFontaine Novelty Co.,* 225

App. Div. 437; *Szmuda* v. *Kent Bag Co.*, 214 App. Div. 341; *Lerner* v. *Jakwall Embroidery Co.*, 203 App. Div. 381; *Foyt* v. *Daigler*, 236 App. Div. 420; *Grueber* v. *Kramer Amusement Corp.*, 207 App. Div. 564; *McDonald* v. *Burden Iron Co.*, 206 App. Div. 571; *Testo* v. *Burden Iron Co.*, 211 App. Div. 219; *Kittle* v. *Town of Kinderhook*, 214 App. Div. 345; *Matter of De Verso* v. *Parsons*, 221 App. Div. 622.) The finding of the State Industrial Board that the widow did not receive a final decree of divorce from the deceased and that her marriage was not legally terminated so as to bar her right to compensation, is not decisive, constitutes legal error, and is based upon speculation, guess and conjecture. (*Matter of Hanson* v. *Turner Construction Co.*, 224 N. Y. 331; *Matter of Belcher* v. *Carthage Machine Co.*, 224 N. Y. 326; *Matter of Albrecht*, 194 N. Y. Supp. 432.)

LEHMAN, J. The decedent was employed as a special policeman at a picnic grounds on Long Island. Some drunk and disorderly patrons caused a disturbance there and after a scuffle left in an automobile. The decedent pursued them in a taxicab and was killed while attempting to force their car to halt.

The decedent's employment was for the purpose of protecting the picnic grounds and those who used the grounds. Arrest of disturbers of the peace was within the general scope of the decedent's employment. The evidence is sufficient to sustain an inference that the pursuit by the decedent was for the purpose of effecting an arrest in an attempt to further the interests of the employer. The decedent's action may have been ill-advised. It did not constitute an abandonment or interruption of the employment. Death arose out of the employment and in the course of the employment. The claimant was married to the decedent. She instituted divorce proceedings, but it does not conclusively appear that these proceedings were carried to a successful conclusion. The Appellate Division erred in dismissing her claim.

The award was, however, for an amount not authorized by the Workmen's Compensation Law (Cons. Laws, ch. 67). The decedent was employed as a special policeman at the picnic grounds during the warm months of the year and usually only on Sundays. There is also a suggestion that in winter he was occasionally employed by the same employer in a dance hall and ballroom. He also, it is said, conducted a " fish business." His employment as special policeman was occasional and seasonal and at a daily wage of eight dollars. Since neither subdivision 1 nor 2 of section 14 of the Workmen's Compensation Law can reasonably be applied in such case the Industrial Board attempted to apply subdivision 3 of that section. Upon testimony that special policemen working steadily in that neighborhood earned $35 per week, the decedent's earning capacity was fixed at that amount. The difficulty is that the decedent's employment was not similar to that of the usual special policeman. The decedent's employment as a special policeman was not during usual working time, but was occasional and seasonal. His earning capacity in that employment must be measured by the wages of those similarly employed. A special policeman working regularly during the usual working hours of each working day to the exclusion of other regular occupation is not for such purpose in a similar employment.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim remitted to the State Industrial Board to determine the wage rate in accordance with this opinion and to take such further testimony in regard to other controverted matter as they may be advised, with one bill of costs to appellant against the employer and insurance carrier.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.