In the Matter of the Claim of CATHERINE LUCAS, Respondent, against F. W. WOOLWORTH COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was eighteen years of age, and was employed at a lunch counter in a Woolworth store in Jamaica, L. I., and was receiving wages of ten dollars a week. In January, 1933, she cut herself with a knife, and suffered a two-thirds loss of use of her thumb. On the ground that the infant's wages would be expected to increase, her average weekly wage was fixed by the Industrial Board at thirty dollars, and the wage rate at nineteen dollars and twenty-three cents. Two girls similarly employed in the same place earned fourteen dollars and fifteen dollars, respectively. No increase beyond that was available in the place where she was employed. The Board received evidence of the earnings of lunch counter attendants employed in large and well-known lunch rooms located at Thirty-third, Fortieth, Forty-second and John streets, near Broadway or Fifth avenue in New York city, where the tips averaged twenty-seven dollars a week. No proof was submitted of the earnings of such employees in Jamaica where claimant was employed, or in Ridgewood where she resided. Appellants contend that the Industrial Board should have confined the proof of expected increase in earnings to the store in which claimant was employed. With this we do not agree. Such proof is to be confined to the *employment*, not necessarily the immediate employer. The proof, however, should have been confined to the class of employment in which claimant was employed, or to one similar thereto. (*Matter of Ruppert* v. *Plattdeutsche V. Verein*, 263 N. Y. 338.) The award is reversed and the claim remitted, to take proof of expected wage increase, if any, in accordance with this

decision, with costs to appellants against the Industrial Board. Rhodes, McNamee and Crapser, JJ., concur; Hill, P. J., and Bliss, J., dissent, and vote to affirm.