In the Matter of the Claim of ABRAM PHILLIPS, Respondent, against THE NEW YORK TRAP ROCK COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 27, 1935.

*William S. Coleman,* for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Leon Freedman, Assistant Attorneys-General,* of counsel], for the respondent State Industrial Board.

*John McKenna,* for the claimant, respondent.

McNAMEE, J. Claimant was employed by the New York Trap Rock Company as a powder and rock man in a stone quarry during

the year immediately preceding his injury, at a daily wage of four dollars. During half of the months of that year he did not work at all, and for the balance of the period his work was intermittent, enabling him to earn only $248.75. The only evidence of the earnings of others during the preceding year was the payroll of the employee Heck, who was employed about half time at the same work and earned $596.81. Accordingly, subdivisions 1 and 2 of section 14 of the Workmen's Compensation Law could not be applied reasonably or fairly, and subdivision 3 prescribed the measure of relief.

In computing the average earnings of the claimant for the preceding year, the Industrial Board received in evidence and considered the earnings which the claimant himself realized in the service of the trap rock company and in various other employments, amounting in the aggregate to $1,417.75. The Board thereupon fixed the average weekly earnings at $27.26, and a compensation rate of $18.17.

Subdivision 3 provides that the Board shall have regard to the earnings of the claimant, and of the other employees therein mentioned, in determining the amount that " shall reasonably represent the annual earning capacity of the injured employee *in the employment in which he was working at the time of the accident.*" Had the claimant worked in the employment in which he was injured the entire year of 300 days at four dollars a day, his earnings would have amounted in the aggregate only to $1,200.

The premiums paid to the carrier for the purpose of insuring claimant's compensation were based on his earnings in the employment in which he was injured. The language above quoted from the statute makes the legislative intent clear that the compensation rate should be based upon the contemplated earnings of the claimant in the employment in which he was injured, and not solely upon the income it was possible for him to earn in unrelated employments, nor the income which in fact he did earn in such other employments. Such other earnings should not be substituted for the earnings reasonably to be expected in the employment in which he was injured. It was error for the Board to have fixed the earnings of the claimant at a sum greater than he could reasonably expect to earn in the employment in which he was injured. In view of the evidence in this case, and in particular the intermittent character of work in the employment in question, not only would the justice of an award be open to serious question, if it were in excess of the amount which claimant could reasonably expect to earn in the employment in which he was injured, but the Board had no power under the statute to make an award beyond that sum.

In finding the actual earnings of the claimant during the preceding year, the Industrial Board included an item of $365 which the claimant was paid by way of rent, as a caretaker of property on which he lived with his family. The earnings represented by this item were realized in part at the same time that claimant was working for the trap rock company, and the work incidental thereto was performed in the main by claimant's wife and son. Thus at the same time that claimant was in the service of the trap rock company he was enlarging his income by another contract of employment for which the self-insurer was in no way responsible. While we have held that the earnings of those engaged in seasonal occupations may be enlarged by earnings received from other employments *out of season* (*Damm* v. *Schreier Contracting Co.*, 235 App. Div. 478, 481), the Court of Appeals has decided that the earnings to be considered must be of those in the " same class," and that they " must be measured by the wages of those similarly employed." (*Ruppert* v. *Plattdeutsche V. Verein*, 263 N. Y. 338.) Claimant's services as a caretaker did not require his personal presence, and in part were performed by others, and were not in the same class with the services which he performed for the self-insured. This item should not have been considered by the Industrial Board in determining claimant's actual earnings.

The award should be reversed and the claim remitted to make an award in accordance with this opinion.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Award reversed, with costs against the State Industrial Board, and claim remitted to make an award in accordance with opinion.