In the Matter of the Claim of THOMAS DICARO (Deceased) and MARIA DICARO, Respondents, against JOHN T. FITZGIBBON and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 11, 1936.

*Frank L. Ward*, for the appellants.

*John J. Bennett, Jr., Attorney-General [Hector A. Robichon, Assistant Attorney-General*, of counsel], for the State Industrial Board.

McNAMEE, J.  An employee was injured in his work on August 13, 1930, and died in May, 1935, from causes unrelated to the accident.  An award has been made to his widow for total disability between August 13, 1930, and January 15, 1931.  The Industrial Board found the weekly wage of the employee to be thirty-five dollars and eighty-eight cents, and awarded compensation at the rate of twenty-three dollars and ninety-two cents per week.  The facts are not in dispute, and the only question presented is one of compensation rate.

Decedent was a laborer doing highway construction, earning five dollars a day, and had worked for the employer substantially less than a year.  Compensation was determined under subdivision 3 of section 14 of the Workmen's Compensation Law, and the rate, as stated in the finding, was " predicated on earnings of employees of the same class working substantially the whole of the immediately preceding year," as well as on those of the decedent himself.  The contest arises here over the admission of an exhibit, and the bearing given by the Board to the evidence before it.

In order to determine decedent's annual earning capacity a payroll of his time and wages for the preceding year was put in evidence.  This showed that he had worked during twenty-nine weeks, either part time, full time, or overtime, and had earned $915.61; and that he was idle the balance of the year.

The referee ordered to be put in evidence, over the objection of the appellants, a " composite " payroll, so called, of the time worked by and the wages paid to three other employees pursuing the same employment during the preceding year, in which the workers respectively were designated by numbers, 330, 348, 322. Man No. 330 worked varying periods during each of five weeks, earning $126.24; man No. 348, during one week, earning $28.12; and man No. 322, during twenty-eight weeks, earning $797.78. For the balance of the year they were idle. It will be observed that the total earnings of these men, $952.14, were approximately the amount which decedent alone had earned during the year. The Board first added the amounts of these earnings, including those of decedent, and then " found " this sum to " reasonably represent the annual earning capacity of the injured employee in the employment in which he was working."

In pursuing the method adopted, the Board did not properly regard the time element involved in its computation, nor the discontinuous and seasonal character of the work, as shown by the only proof in the record on those particulars. For the aggregate number of weeks included in the two payrolls was 63, not 52, viz., the year immediately preceding the accident. Wage rate may not be computed for a period further back than a year. (Workmen's Comp. Law, § 14; *Matter of Budowski* v. *Atlas Steel Casting Co.*, 237 App. Div. 667.) Also, there is present in this aspect of the case the further vice of adding to the earnings of the injured employee the income of another in the same employment and for the same period, or double earnings. An inspection of the two payrolls discloses the fact that between March 5, 1930, and August 12, 1930, both the injured employee and the man No. 322 were at work, and the earnings of both were taken as the measure of the earnings of the decedent for the time mentioned. The injustice of such a practice is evident without comment.

Again, subdivision 3 requires the Board to " regard " the previous earnings of the injured employee, and, in a proper case, those " of other employees of the same and most similar class," etc.; but, even in a proper case, that does not mean that the Board is free to take as a basis of compensation the sum of all of the earnings of all the employees so circumstanced. The intent and purpose of the statute is to determine the reasonable annual earning capacity of the injured employee in the employment in question, not the earnings of all or several of the workmen in that employment, each one of whom, in so far as the record indicates here, was earning as much as he was able. The test is what may the

individual worker reasonably expect to earn in that employment, not what several workers may earn.

A perusal of the payrolls in question, which here constituted the evidence of earning capacity, makes clear that none of the men, as before indicated, worked substantially all of the year. And the injured employee had no non-seasonal occupation. The "composite" payroll states that there was "no work" from December 25, 1929, to March 5, 1930; and there was no evidence that the work in question was carried on the year around; on the contrary, even those who did work a considerable portion of the year did not work full weeks. According to the general rule and practice, highway construction in this climate is seasonal. (*Kittle* v. *Town of Kinderhook*, 214 App. Div. 345, 351; *Matter of Damm* v. *Schreier Contracting Co.*, 235 id. 478.) But despite its unsteady and seasonal character, the Board found on the evidence recited that the injured employee had full-time earning capacity in that employment. There was no evidence to support such a finding. Not only did the Board predicate this annual earning capacity on an artificial basis, but found a wage rate in excess of what he could reasonably expect to earn in that pursuit if he were employed a full 300 days in the year. Heretofore this court has condemned such a finding. (*Matter of Phillips* v. *New York Trap Rock Co.*, 245 App. Div. 353.)

The Board indicated in its brief that it approved the determination of the wage rate as found, on the authority of *Matter of Damm* v. *Schreier Contracting Co.* (*supra*) and quoted the language of the opinion in that case, "The ' annual average earnings ' include both the earnings from a seasonal occupation and also the actual earnings for the remainder of the year from whatever occupation they may have been received." From the decision in connection with which it was used, that language must be understood as limiting the non-seasonal income to employments of the same class, and as measuring such income by the wages of the injured employee, or those similarly employed, as the facts may require, whenever the feature of non-seasonal employment is involved. (*Matter of Ruppert* v. *Plattdeutsche V. Verein*, 263 N. Y. 338; *Matter of Phillips* v. *New York Trap Rock Co.*, *supra*, 355.)

The opinion in the *Schreier* case is further quoted, " And in default of such actual earnings by the deceased during such remainder of the year, the earnings of other employees of the same or most similar class during the non-seasonal period may be shown to establish ' annual earning capacity.' " There is no evidence in this record upon which to base a consideration of non-

seasonal employment, and that question was not before the Board. There was not only no proof that the injured employee or similar workers pursued non-seasonal employment, but there was no proof of the earnings of such others so engaged. The proof offered before the Board was only that of the earnings of persons engaged in the same seasonal employment. The *Schreier* case is quite without application.

There is nothing in the record to warrant the view that any one employed in an occupation similar to that of the injured employee earned more money during the preceding year than he; and those in the same employment earned less. In other words, his own earnings, so far as the evidence goes, appear to be his normal wages. The presiding justice of this court has said in a recent case: " If his past earnings for the time concerning which the proof was given appear to be indicative of what he normally earned, there would be no reason to consider the earnings of other employees, but if for any reason the proof indicates that his actual earnings for that period were not fairly representative, consideration may be given to the earnings of others, who worked ' in the same or neighboring locality.' " (*Matter of Orlando* v. *Snider Packing Corp.*, 230 App. Div. 557, 559.) The use made of the earnings of others in this case was unwarranted, served no useful purpose, and was wrong in principle.

The award should be reversed, and the claim remitted to the Industrial Board for further proceedings in accordance with this opinion, with costs to the appellants.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Award reversed, and matter remitted, with costs against the State Industrial Board.