In the Matter of the Claim of CORNELIA KAHL, Respondent, against SINCLAIR REFINING COMPANY, Appellant.
STATE INDUSTRIAL BOARD, Respondent.

Hill, P. J., Crapser and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion in which Rhodes, J., concurs.

McNAMEE, J. (dissenting). The claimant was a common laborer, and the Industrial Board so found. His employment was intermittent during the year preceding his injury, for he worked off and on only fifty-seven days, earning fifty cents an hour a part of the time and seventy-five cents an hour at other times. Twice he refused steady jobs because he did not wish to complicate the social relations of his wife. He earned as a laborer during the year $293.44; but the Board, under subdivision 2 of section 14 of the Workmen's Compensation Law, and upon proof of the earnings of another worker, determined his average annual earnings at $1,600 a year.

It is evident from the record that claimant was an unskilled laborer, and that he perferred intermittent work to steady work; and, accordingly, the amount he earned may be properly said to be representative of his normal earnings in the work in which he was employed. In such a case the Board should have "regard" for claimant's own earnings, the intermittent character of his employment, as it was affected by his own choice, and should have determined his earning capacity pursuant to subdivision 3 of the section mentioned. But, instead, the Board measured his earning capacity by that of a skilled workman, working full time, six days a week and nine hours a day. This was palpably a false basis, ignoring the realities. There is no occasion to resort to the earnings of another, pursuant to section 14 of the Workmen's Compensation Law when the wages of the claimant are representative of his usual earning capacity, and normal (*Matter of Orlando*, 230 App. Div. 557, 559); and when it is necessary to resort to the wages of another to establish earning capacity, it should be the earnings of those of the same class. (*Matter of Ruppert* v. *Plattdeutche V. Verein*, 263 N. Y. 338; *Matter of Phillips* v. *New York Trap Rock Co.*, 245 App. Div. 353; *Matter of Damm* v. *Schreier Contracting Co.*, 235 id. 478.) The award should be reversed, and the claim remitted.

Rhodes, J., concurs.