## Third Department, October, 1937.

### (October 6, 1937.)

In the Matter of the Claim of Nellie A. McDowell, Respondent, against Flat-bush Congregational Church and Another, Appellants.

State Industrial Board, Respondent.

Award affirmed, with costs to the State Industrial Board.

Hill, P. J., Rhodes, Crapser and Bliss, JJ., concur; McNamee, J., dissents, with a memorandum.

McNamee, J. (dissenting). This award is about to be affirmed on the grounds that the State Industrial Board has found on sufficient evidence that the claimant was " employed as an assistant housekeeper " by the church, and that her employment was of the same class as that regularly pursued by her in a public high school in New York city. I have failed to find the slightest warrant in claimant's testimony for classifying her work as housekeeping, even if housekeepers were employed in churches and public schools. The real question here, however, is wage rate.

In her regular occupation the claimant was employed as a dietitian and manager of a cafeteria in a public school, for which she received $35 a week, and commissions, as she testified, of not over $150 a year, or in the aggregate approximately $1,450 per year. There she prepared menus and supervised cookery. The record shows that she had been thus regularly employed for at least two years. There was no proof that the public school service was performed fifty-two weeks in a year; and in addition, the assumption of the State Industrial Board that it was, contravenes the common knowledge of a universal practice.

In the employment in which the claimant was injured, she had been employed by the church over a period of five years, to arrange and manage church suppers or dinners, from eight to twelve a year. For doing this work she had been paid ten cents for each person attending, and thereby earned about $250 a year.

There was no relation whatever between the employment by the church and the employment in the public school; one was a regular full-time employment for the school year; the other was occasional, intermittent and special. These unrelated services were rendered and paid for as such, and were performed within the same period of time. The one in no way contemplated the other; and no principle correlates them.

" Average weekly wages " must be determined as of the time of the injury, upon the basis of wages received in the employment in which claimant was working at the time of the accident, or wages received in employment of the same class. (Workmen's Comp. Law, § 14.) The wage rate in a seasonal or occasional employment, one carried on outside of usual working hours, may not be determined by the income received from a regular full-time employment carried on by claimant within the same seasonal period. This practice of resorting to artificial or multiple incomes of different classes has been condemned. (*Matter of Ruppert* v. *Plattdeutsche V. Verein*, 263 N. Y. 338, 341; *Matter of Dicaro* v. *Fitzgibbon*, 249 App. Div. 38, 40, 41; *Kapler* v. *Camp Taghconic, Inc.*, 215 id. 51; *Matter of Phillips* v. *New York Trap Rock Co.*, 245 id. 353.)

In the *Ruppert* case a special policeman worked as such on Sundays and holidays in the summer, sometimes at a dance hall in the winter, and also conducted a fish business at other times. His work as special policeman was occasional and seasonal. He received eight dollars a day, and special policemen working steadily received thirty-five dollars a week, and the State Industrial Board fixed his earning capacity at the latter sum. Writing for the Court of Appeals, Lehman, J., said: " The difficulty is that the decedent's employment was not similar to that of the usual special policeman. The decedent's employment as a special policeman was not during usual working time, but was occasional and seasonal. His earning capacity in that employment must be measured by the wages of those similarly employed. A special policeman working regularly during usual working hours of each working day to the exclusion of other regular occupation is not for such purpose in a similar employment."

The statement of Judge Lehman makes it evident that a woman working regularly at a salary of thirty-five dollars a week throughout the school year, planning the diet, supervising the cooking of food, and managing a cafeteria in a public high school in the city of New York, is not in the same class of employment as the woman who arranges and supervises for a contingent fee a dozen church suppers in the course of the year.

Claimant's wage rate should be fixed on the basis of the compensation which she received from the employer church for the occasional services which she rendered pursuant to her contract with the church. I vote to reverse the award, and remit the claim.