(September 27, 1939.)

In the Matter of the Claim of THOMAS J. NATOLI, Appellant, against BETHLEHEM STEEL COMPANY, Self-Insured Employer, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Decision affirmed.

Crapser, Bliss, Heffernan and Schenck, JJ., concur; Hill, P. J., dissents, with an opinion.

HILL, P. J. (dissenting). The claimant, nineteen years of age, received an injury necessitating the amputation of the left foot, and a schedule award of eleven dollars and twenty cents a week for 205 weeks has been made. He was receiving sixteen dollars and eighty cents per week, which was used as the basis of the award. He had worked only five days loading scrap iron when injured. By fixing the wage rate at the actual sum which the claimant was receiving, the

Board had found that the wages he received during minority would not be expected to increase. (Workmen's Comp. Law, § 14, subd. 5.) The claimant had graduated from a high school and had finished one year in college, a portion of his expenses being met through his ability to play football. The ultimate aim of the young man was a medical education. The employer should not be required to compensate upon the basis of the earnings of a physician, but a weekly rate should be fixed which reflects the amount that the claimant could have expected to earn as an adult in the same or a similar employment. The mental attainments and physical prowess of this claimant justify a finding that his wages would increase.

The rational given by the courts to the language of subdivision 5 of section 14 of the Workmen's Compensation Law, " If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages," is shown by the following quotations:

" Unless it appears that the minor is in some way disqualified, or incapacitated, for a better paid position in the same employment in which he was working when injured, it is a fair inference that he is a normal boy of his age and would be expected to have some higher paid position in the employment, if such there be, which the average man at least could fill, * * *. Nor do we think his expectation of receiving higher wages should be limited to the period covered by the appropriate schedule award for his permanent partial disability. His injury is permanent; it will be his ever-present companion for life. He must during his manhood work and live under this handicap. The statute * * * arbitrarily fixes the number of weeks' payment which will compensate him for his loss due to his disability. It did not mean to limit the measure of this loss to his wages during the few remaining years of his minority." (*Szmuda* v. *Kent Bag Co.*, 214 App. Div. 341, 342, 343.)

" Appellants contend that the Industrial Board should have confined the proof of expected increase in earnings to the store in which claimant was employed. With this we do not agree. Such proof is to be confined to the *employment*, not necessarily the immediate employment." (*Lucas* v. *Woolworth Co.*, 245 App. Div. 900.)

"A minor's wages are generally less than those of an adult in like employment, and, therefore, it was provided that the increase toward adult wages at the time, which would naturally and normally come to him with years, efficiency and skill, may be considered in fixing the average weekly wage for compensation during the period of the award in the future." (*Lerner* v. *Jakwall Embroidery Co.*, 203 App. Div. 381, 383.)

*Ruppert* v. *Verein* (263 N. Y. 338) does not deal with the subject under consideration. There, subdivisions 1 and 2 of the same section were considered and the quest was to ascertain, under the rules laid down in those paragraphs, the proper amount to be fixed as the weekly wage of an adult.

Claimant, a young man with the laudable ambition to acquire an education and the industry to seek a position during the vacation period, will suffer a great handicap during life. The statute has been construed to mean that if he was normal, an increase of wages might fairly be expected, and should be reflected in the amount of compensation that he is to receive during his lifelong disability. The evidence sustains no inference other than that he was above normal. The

Board, therefore, must have found that there was no opportunity for increase in wages in the work in which he was engaged. He was employed by a great corporation engaged in the steel business. The Board apparently has decided that his sphere of employment within which higher wages must be found was " loading scrap iron at Norwich, N. Y." The statute does not require, or permit, the fixing of so limited a circumference. Either the Board was required to infer that he was engaged generally in his employer's business and entitled to the increment reasonably to be expected by young men so employed, or that his employment was the loading of railroad cars or other vehicles used for transportation. In either field, an employee who had gained the experience of years would receive a higher rate than the novitiate of five days' experience.

There is no evidence to sustain the finding, and the award and decision should be reversed and the matter remitted to the Board for the fixing of a wage rate in accordance with the statute.