LIBERTY MUTUAL INSURANCE COMPANY, a corporation, et al., Appellants,

v.

Theodore BRITTON, Deputy Commissioner, United States Employees' Compensation Commission, and Walter W. Hardy, Appellees.

No. 12911.

United States Court of Appeals District of Columbia Circuit.

Argued April 10, 1956.

Decided May 10, 1956.

Petition for Rehearing Denied June 20, 1956.

Alva G. BLANCHARD, Appellant,

v.

Robert C. WATSON, Commissioner of Patents, Appellee.

No. 13006.

United States Court of Appeals District of Columbia Circuit.

Argued May 17, 1956.

Decided May 31, 1956.

Mr. Alva G. Blanchard, appellant pro se.

Mr. Clarence W. Moore, Solicitor, U. S. Patent Office, for appellee.

Before EDGERTON, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

Mr. John P. Arness, Washington, D. C., with whom Mr. Arthur J. Phelan, Washington, D. C., was on the brief, for appellants.

Mr. Ward E. Boote, Asst. Sol. U. S. Dept. of Labor, with whom Messrs. Leo A. Rover, U. S. Atty., at the time record was filed, Lewis Carroll, Asst. U. S. Atty., and Herbert P. Miller, Attorney, U. S. Dept. of Labor, were on the brief, for appellee, Britton.

Mr. Rex K. Nelson, Washington, D. C., entered an appearance for appellee, Hardy.

Before PRETTYMAN, BAZELON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This action was initiated in the United States District Court for the District of Columbia upon the filing of a complaint to review and set aside as not in accordance with law a workmen's compensation order filed on January 25, 1955, by Theodore Britton, Deputy Commissioner. In said order, the Deputy Commissioner awarded compensation to Walter W. Hardy for permanent partial disability on account of an injury sustained by him while employed by Westinghouse Electric Corporation. Liberty Mutual Insurance Company is the carrier of workmen's compensation insurance for Westinghouse.

The essential facts are not in dispute. Hardy, while employed as an elevator construction mechanic's helper, fell some forty-five feet and sustained certain injuries. At the time of the accident Hardy had been working continuously for two years as a construction mechanic's helper for Westinghouse. This was an unskilled laboring position which involved the erection of new elevators and required heavy weight lifting and substantial physical exertion. His average weekly wage prior to the accident was $84.40. Over objection, the Deputy Commissioner permitted claimant to show also that for approximately two years prior to the accident Hardy was employed on a part-time basis for Giant Food Stores at an average weekly wage of $17.00.

The record shows that upon claimant's return to work he was compelled, because of his injuries, to accept work as a maintenance helper rather than as a construction helper. All construction and similar work requiring able-bodied physical effort is henceforth foreclosed to him. The only physician who testified asserted that claimant had 10% permanent partial disability as a functional impairment. He was unable, because of his injury, to continue his work for Giant Food Stores.

After returning to work Hardy received from Westinghouse higher dollar wages than before the injury, due to a general increase in the wage scale. Claimant was awarded compensation based on a 10% impaired capacity to

earn, the Deputy Commissioner taking into consideration "the previous earnings of the injured employee in the employment in which he was working at the time of the injury" (i. e., for Westinghouse) and "other employment of such employee" (i. e., for Giant Food Stores), as directed in § 10(c) of the Longshoremen's and Harbor Workers' Compensation Act,[1] in determining the amount which "shall reasonably represent the annual earning capacity of the injured employee."

Appellants urge that the Deputy Commissioner erred in applying § 10(c) of the Act since, due to the fact that the Westinghouse employment was full year-round employment, § 10(a), 33 U.S.C.A. § 910(a), must be applied, thus eliminating the use of subsection (c) of § 10 in computing the rate of compensation. The applicable provisions of the section are set out as follows:

"§ 910. *Determination of pay.*

\* \* \* \* \* \*

"(a) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary for a six-day worker and two hundred and sixty times the average daily wage or salary for a five-day worker, which he shall have earned in such employment during the days when so employed.

"(b) If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings, if a six-day worker, shall consist of three hundred times the aver-

age daily wage or salary, and, if a five-day worker, two hundred and sixty times the average daily wage or salary, which an employee of the same class working substantially the whole of such immediately preceding year in the same or in similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"(c) If either of the foregoing methods of arriving at the average annual earnings of the injured employee cannot reasonably and fairly be applied, such average annual earnings shall be such sum as, having regard to the previous earnings of the injured employee in the employment in which he was working at the time of the injury, and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, or other employment of such employee, including the reasonable value of the services of the employee if engaged in self-employment, shall reasonably represent the annual earning capacity of the injured employee."

■ In their argument appellants point out that the pertinent federal statute is modeled after the Workmen's Compensation Law of the State of New York, McK.Consol.Laws, c. 67, L.1928, c. 754; and that furthermore, in attempting to interpret the statute, the related cases[2] indicate that the earnings so determined "shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident." § 14(3), N.Y. Workmen's Compensation Law. However, a complete study of the federal statute requires a different determination than

**1.** 33 U.S.C.A. § 910(c), as made applicable to the District of Columbia by the Act of May 17, 1928, as amended, D.C. Code, § 36–501, 33 U.S.C.A. § 901 note.

**2.** Puschett v. Playland Park, 268 App. Div. 946, 51 N.Y.S.2d 419; McDowell v.

Flatbush Congregational Church, 277 N. Y. 536, 13 N.E.2d 462, affirming 252 App. Div. 799, 298 N.Y.S. 892; Birch v. Budd, 256 App.Div. 53, 8 N.Y.S.2d 781; Brandfon v. Beacon Theatre Corp., 300 N.Y. 111, 89 N.E.2d 617.

that found under the New York law. To be noted is the fact that Congress included the words, "or other employment of such employee," in § 10(c) of the Act. It is our opinion that general earnings are not restricted to "employments" or "types of employment" but rather extend to *individual* earnings.

Brief reference to the legislative history of the Act supports this position. At page 15 of the Report of the Committee on Education and Labor (H.R.Rep. No. 2095, 80th Cong., 2d Sess., June 1, 1948) we read:

"Thus the present law is deficient in that if the employee had been employed in unrelated employment prior to his last employment, or in self-employment, such earnings could not be considered in ascertaining his true earning capacity. The proposed amendment to subdivision (c) would permit consideration not only of the earnings in the particular employment in which the employee was engaged at the time of injury but also of his other earnings during the year preceding the injury, regardless of whether it was in the same industry or not. * * *"

Also, in Senate Report No. 1315, 80th Cong., 2d Sess., May 17, 1948, Committee on Labor and Public Welfare, we find:

"The measurement of an employee's capacity to earn should not be limited to his earnings in the particular employment in which he was engaged when injured, but should be gaged by what the employee is capable of earning in all employments in which he was employed during the year prior to injury, otherwise harsh results necessarily follow. The proposed change in subsection (c) seeks to avoid such harsh results by permitting consideration of earnings of the employee not only in the employment engaged in when injured, but all other employments in which he worked during the year prior to injury, and is intended to be inclusive of the reasonable value of the employee's services if self-employed during part of such year. The change proposed is consistent with similar change made in the New York workmen's compensation law some years ago, similarly to avoid harsh results, and it is also consistent with parallel provisions in other State workmen's compensation acts." U.S. Code Congressional Service, 80th Cong., 2d Sess., 1948, Vol. 2, p. 1983.

Thus, while the New York statute tests the wage-earning capacity by looking solely to the "employment," we think that Congress intended to go beyond this and, as a norm, looked beyond employment to the individual earnings.

With respect to appellants' second contention, i. e., absence of substantial basis in the evidence for a finding of impaired earning capacity, we find no error.

The judgment of the District Court is Affirmed.